IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MELVIN BERNARD THOMPSON,
     Plaintiff,

vs.                                  Case No.: 5:09cv73/RS/EMT

M. WINDSOR, et al.,
     Defendants.
_____/

## ORDER

      This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 31). Leave to proceed in forma pauperis has been granted (Doc. 10).

      Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

      Plaintiff, an inmate of the Florida Department of Corrections (DOC), names three Defendants in this action: M. Windsor, Health Services Administrator for the Northwest Florida Reception Medical Center (NWFRC); Paiboon Isra, Medical Doctor of NWFRC-Main Unit; and Nalini Anandijiwali, Medical Doctor at the NWFRC-West Unit (Doc. 31 at 1, 2). Plaintiff claims that Defendant Windsor was deliberately indifferent to his medical need for orthopedic shoes, in violation of the Eighth Amendment, and engaged in retaliation and discrimination in violation of the First and Fourteenth Amendments (*id.* at 5–15). Plaintiff claims that Doctors Isra and Anandijiwali were deliberately indifferent to his medical need for pain medication for extreme pain and diabetic neuropathy in his feet (*id.* at 16–22). As relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory, punitive, and nominal damages (*id.* at 23).

Initially, Plaintiff's allegations fail to state a claim of retaliation with regard to Defendant Windsor. It is well established that the First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003 (citations omitted); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) (citation omitted); *see also* Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow, 320 F.3d at 1248 (internal quotation and citation omitted). However, broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983. Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987). The prisoner plaintiff must sufficiently allege facts establishing that the actions taken against him were in retaliation for filing lawsuits and accessing the courts. Wright, 795 F.2d at 968. He must allege facts showing that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive. Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988). Plaintiff must allege a causal link between the protected activity and the adverse treatment, and there must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed into discovery. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation. Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence" of retaliation. Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). Appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995)). And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must

produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ." Crawford-El, 118 S. Ct. at 1596–97; Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); *see also* Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).

In the instant case, Plaintiff alleges Defendant Windsor denied him orthopedic shoes on November 30, 2007 (Doc. 31 at 5). Plaintiff filed a grievance regarding her refusal and, as a result of the grievance, the Chief Health Officer directed Windsor to order the orthopedic shoes (*id.* at 7). Windsor still refused to order the shoes (*id.*). Plaintiff filed numerous grievances against Windsor from December of 2007 to February of 2009, and Windsor still refused to order Plaintiff's shoes (*id.* at 7–15).

Plaintiff's allegation that Defendant Windsor denied him the shoes in retaliation for his filing grievances is conclusory. He alleges no facts that suggest a retaliatory motive or sufficiently culpable state of mind as to Defendant Windsor. To the contrary, the fact that Windsor denied Plaintiff's request for shoes before he began filing grievances against her suggests that retaliation was not her motive for refusing to order the shoes. Therefore, Plaintiff should drop his retaliation claim from his complaint.

Plaintiff has also failed to state an equal protection claim as to Defendant Windsor. The Equal Protection Clause requires the government to treat similarly situated people in a similar manner. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim for an equal protection violation based on the unequal administration or enforcement of neutral statutes and policies, a plaintiff must show 1) that he is similarly situated to others who received different treatment and 2) that the different treatment was motivated by a discriminatory purpose. Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112–13 (11th Cir. 1987). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment. *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314–17 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation

presented to zoning board); <u>Oliver v. Scott</u>, 276 F.3d 736, 746–47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses). "Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were situated similarly to the Plaintiff." <u>GJR Inv., Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1367–68 (11th Cir. 1998).

Plaintiff must also allege that Defendants acted with the intent to discriminate against him. *See* <u>McClesky v. Kemp</u>, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); <u>Village of Arlington Heights v. Metro. Hous. Dev. Corp.</u>, 429 U.S. 252, 265, 97 S. Ct. 555, 563, 50 L. Ed. 2d 450 (1977); <u>E & T Realty</u>, 830 F.2d at 1113. There must be intentional discrimination: "[m]ere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause." *Id.* at 1114. "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of' its adverse effects upon an identifiable group." *Id.* (quoting <u>Personnel Adm'r of Mass. v. Feeney</u>, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979) (omission in original)). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. <u>GJR Inv.</u>, 132 F.3d at 1367–68 (finding that allegations that defendants' actions were "arbitrary and capricious in that [they] acted with an improper motive, without reason, or upon a reason that was merely pretextual" were insufficient to state a claim); <u>Coon v. Ga. Pac. Corp.</u>, 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff alleges other inmates received orthopedic shoes during the period March to May of 2008 (Doc. 31 at 8). He states one such inmate suffered from the same medical condition as he, and others who received shoes were in better physical condition than he (*id.* at 15). Plaintiff further states many of the other inmates who received shoes were Caucasian, and he is African American (*id.*). Plaintiff asserts that these facts clearly show Defendant Windsor's actions were discriminatory (*id.*).

At most, Plaintiff's allegations suggest that Defendant Windsor acted arbitrarily by ordering shoes for other inmates but not Plaintiff.  However, this conduct, without purposeful discrimination, does not violate the Equal Protection Clause.  Furthermore, the fact that some of the inmates who received shoes were not Caucasian belies Plaintiff's suggestion that Windsor denied Plaintiff's request for shoes at least in part because of the adverse effect this conduct would have upon an identifiable group, that is, black inmates.  Therefore, Plaintiff has failed to state a claim of discrimination under the Equal Protection Clause.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can state a claim for relief against Defendants.  If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal.  If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**."  He should name as Defendants only those persons who are responsible for the alleged constitutional violation asserted in the complaint.  Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself.  He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances.  The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court

directs him to do so.  Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1.      The clerk shall send Plaintiff a form for use in civil rights cases filed prisoners under 42 U.S.C. § 1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall file an amended complaint which shall be typed or clearly written, submitted on court form, and marked "Second Amended Complaint."   Alternatively, Plaintiff shall file a notice of voluntary dismissal.

3.      Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this  28th day of July 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**