IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MELVIN BERNARD THOMPSON,
          Plaintiff,

vs.                                                     Case No.: 5:09cv73/RS/EMT

M. WINDSOR, et al.,
          Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's "Emergency Motion for Temporary Injunction," "Supplemental [sic] to Emergency Motion for Temporary Injunction," Affidavit, and "Notice to Court/Addendum to Supplemental [sic] to Emergency Motion for Temporary Injunction" (Docs. 42, 43, 44, 47).

Plaintiff states he has been diagnosed with osteochondritis dissecans, which is a degenerative joint disease, and vascular neurosis in his knees (Doc. 42 at 1–2).  These conditions require him to wear orthopedic shoes (*id.* at 2).  Plaintiff states that since his arrival in the Department of Corrections in 1997, he has consistently been provided orthopedic shoes, but since October 13, 2007, Defendant Windsor, the Health Service Administrator at Northwest Florida Reception Center, has refused to provide them, even though physicians and associate registered nurse practitioners have prescribed them (*id.* at 2).  Plaintiff states Defendant Windsor's refusal to provide the shoes has resulted in injury to his knees, namely, a constant stabbing pain in the joints of both knees and a "clicking, scrubbing sensation" between the bones in his knees (*id.* at 2–3).  Plaintiff's remaining allegations in his motion and first supplement thereto concern his request, in July of 2009 and thereafter, for x-rays and an orthopedic examination of his knees (*id.* at 3; *see also* Doc. 43).  Plaintiff requests an injunction requiring Defendants to provide him proscribed orthopedic shoes and

x-rays and an orthopedic consultation for his knees, and requiring Defendants to preserve his medical records and current shoes as evidence (*see* Doc. 42 at 1; Doc. 43 at 5–6). In Plaintiff's second supplement to his motion for temporary relief, he states that he has now received his orthopedic shoes; therefore, he withdraws his request for an injunction as to this relief (*see* Doc. 47). However, he maintains his request for medical treatment for his knees and preservation of evidence in this case (*id.*).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.

<u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant case, Plaintiff concedes that his request for an order requiring Defendants to provide orthopedic shoes has been rendered moot by his receipt of the shoes (*see* Doc. 47). Therefore, his motion will be denied as to that request. Additionally, Plaintiff has failed to show that his request for x-rays and an orthopedic consultation for his knees is closely related to the conduct complained of in the complaint. In his complaint, Plaintiff complains of Defendant Windsor's failure to provide the shoes and Defendants Isra and Awandijiwali's failure to provide Neurontin to relieve pain in his knees in July and August of 2008; but Plaintiff does not include a claim of deprivation of x-rays and an orthopedic consultation for his knees (*see* Doc. 40). Indeed, Plaintiff may not amend his complaint to include a claim regarding the deprivation of x-rays and an orthopedic consultation because that deprivation occurred in July and August of 2009, after Plaintiff filed the original complaint in this action and, therefore, would be subject to dismissal for failure to exhaust administrative remedies. Therefore, this request for injunctive relief should also be denied. Finally, Plaintiff does not allege any factual basis for his request that Defendants be precluded from altering or destroying his medical records and old shoes. Speculation is not a sufficient grounds for invoking the extraordinary remedy of a temporary injunction. Therefore, Plaintiff's motion for a temporary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 42) be **DENIED**.

At Pensacola, Florida this 28<u>th</u> day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 5:09cv73/RS/EMT

**<u>NOTICE TO THE PARTIES</u>**

       **Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**