IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MELVIN BERNARD THOMPSON,
          Plaintiff,

vs.                                                    Case No.: 5:09cv73/RS/EMT

M. WINDSOR, et al.,
          Defendants.
_____/

## ORDER

          This cause is before the court on Plaintiff's Second Amended Complaint filed pursuant to
42 U.S.C. § 1983 (Doc. 40).  Leave to proceed in forma pauperis has been granted (Doc. 10).

          Although the court previously determined that service of the complaint upon Defendants was
appropriate (*see* Doc. 50), upon more thorough review of the Second Amended Complaint, it
appears that Defendants Isra and Anandijiwali are not properly joined as Defendants in this action.

          Although permissive joinder allows a plaintiff to bring suit against multiple defendants, in
this situation Plaintiff's alleged causes of action against Defendants Windsor, Isra, and Anandijiwali
fail to meet the applicable criteria of Rule 20(a) of the Federal Rules of Civil Procedure.  That Rule
provides that persons may be joined in one action as defendants if there is asserted against them
jointly, severally, or in the alternative, any right to relief with respect to or arising out of the same
transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact
common to all defendants will arise in the action.  *See* Fed. R. Civ. P. 20(a)(2).  Rule 21 of the
Federal Rules of Civil Procedure provides that the court may drop a party on its own and at any time
on just terms.  *See* Fed. R. Civ. P. 21.

          Although the preconditions for permissive joinder are construed generously to permit the
broadest scope of action commensurate with traditional notions of justice and fair play, the court

possesses equally broad discretion to sever parties based on misjoinder. *See* <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1323 (11th Cir. 2000). Some circuits, including the Second, hold that a court's discretion is so broad that it may sever any claims or parties even without the normal prerequisite of improper joinder. *See generally* <u>CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.</u>, 896 F. Supp. 505, 506 (D. Md. 1995). In the instant case, the record indicates that the parties were improperly joined.

Initially, Plaintiff's Second Amended Complaint is bereft of any allegation that Defendants acted jointly. Furthermore, Defendants' interactions with Plaintiff fail to conform to the standards established by Fed. R. Civ. P. 20 because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences; therefore, it does not appear that the preconditions for permissive joinder are satisfied. Plaintiff's Second Amended Complaint asserts that the allegedly unlawful activities by Defendant Windsor, that is, depriving Plaintiff of medically required orthopedic shoes, began in November of 2007 and continued until very recently (*see* Doc. 40 at 6; Doc. 47 at 3).[1] Plaintiff alleges the deprivation occurred while he was incarcerated at the Northwest Florida Reception Center (NWFRC) in Chipley, Florida, where Defendant Windsor is employed (Doc. 40 at 6–10).[2] As to Defendant Isra, Plaintiff asserts that the allegedly unlawful activity, that is, depriving him of pain medication for pain in his feet, occurred on July 3, 2008, while Plaintiff was incarcerated at the Reception and Medical Center (RMC) in Lake Butler, Florida (*id.* at 11–13).[3] Plaintiff's claim against Defendant Anandijiwali, which arises out of this Defendant's failure to approve a prescription for Neurontin to treat pain in Plaintiff's feet, occurred on August 29, 2008, also while Plaintiff was incarcerated at RMC in Lake Butler (*id.* at 14–17). While each of Plaintiff's claims involve analysis under the Eighth Amendment and concern treatment for Plaintiff's feet, the claim against Defendant Windsor arises out of different occurrences that took place over a two-year period at a different institution than the claims arising out of the one-time occurrences

---

[1] The page references used in this Order reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2] Chipley is located in the Northern District.

[3] Lake Butler is located in the Middle District.

Case No. 5:09cv73/RS/EMT

at RMC involving Defendants Isra and Anandijiwali. Indeed, few, if any, facts connect Defendant Windsor with the other Defendants. Therefore, the record supports severance of Defendants Isra and Anandijiwali from this action.

When the meaning of a rule or statute is clear and unambiguous it must be given effect. Rule 20 refers to the <u>same</u> transaction or occurrence not to <u>similar</u> transactions or occurrences. Due to the absence of any evidence attesting to joint action by Defendants, and the lack of any connective nexus between Defendant Windsor and Defendants Isra and Anandijiwali, Plaintiff has not satisfied the preconditions for permissive joinder set forth in Rule 20.

Finally, even if Defendants have been properly joined, the court would exercise its discretion to sever and transfer the claims against Defendants Isra and Anandijiwali. As provided in 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Decisions whether to transfer a case are left to the "sound discretion of the district court and [are] reviewable only for an abuse of that discretion." <u>Roofing & Sheeting Metal Services v. La Quinta Motor Inns</u>, 689 F.2d 982, 985 (11th Cir. 1982). Further, such transfers may be made sua sponte by the district court. *See* <u>Mills v. Beech Aircraft Corp.</u>, 886 F.2d 758, 761 (5th Cir. 1989); <u>Empire Gas Corp. v. True Value Gas of Florida, Inc.</u>, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord*, <u>Roofing & Sheeting</u>, 689 F.2d at 991 n.14.

Although Plaintiff's choice of forum is ordinarily given consideration, <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." <u>Windmere Corp. v. Remington Products, Inc.</u>, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

As previously discussed, the acts or occurrences forming the basis of Plaintiff's claims against Defendants Isra and Anandijiwali occurred in Lake Butler, Florida, which is in the Middle District. Therefore, the proper venue for a civil rights action against those Defendant is the Middle District.

Plaintiff should carefully review the foregoing to determine whether he has properly joined Defendants Isra and Anandijiwali in this action. If Plaintiff believes that all Defendants are properly joined, he shall file a notice with the court stating his intent to proceed on his Second Amended

Complaint and stating the basis for his position that Defendants Isra and Anandijiwali are properly joined in this action. Plaintiff should recognize that doing so may result in a recommendation to the district judge that Defendants Isra and Anandijiwali be dismissed from this action.

If Plaintiff determines he wishes to proceed against Defendants Isra and Anandijiwali in a separate civil rights action in the Middle District, he should file a Third Amended Complaint asserting only his claim against Defendant Windsor. Plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint**." The amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Finally, Plaintiff shall submit one (1) service copy of the Third Amended Complaint.

Accordingly, it is **ORDERED**:

1.       The clerk shall send Plaintiff a form for use in civil rights cases filed prisoners under 42 U.S.C. § 1983. This case number should be written on the form.

2.       Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall file an amended complaint, which shall be typed or clearly written, submitted on court form, and marked "Third Amended Complaint." He shall also submit one (1) service copy of the Third Amended Complaint. Alternatively, Plaintiff shall file a notice stating his intent to proceed on his Second Amended Complaint and stating the basis for his position that Defendants Isra and Anandijiwali are properly joined in this action.

3.       Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this <u>18</u><sup>th</sup> day of September 2009.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**