RECEPTION AND MEDICAL CENTER
DATE: _____9-24-09_____
INMATE INITIALS: _____

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____PANAMA_____ DIVISION

*Third Amended*

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

MELVIN BERNARD THOMPSON ,

Inmate # 959252 .
  (Enter full name of Plaintiff)


vs.                                        CASE NO: 5:09cv 73 RS/EMT
                                              (To be assigned by Clerk)

MONICA MCCALL WINDSOR ,                    "Requesting Trial by Jury"

_____ ,

_____ ,

_____ ,

_____ .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)


## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed0928'09UsDcFln3PM0135

RC

## I.   PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   <u>Melvin Bernard Thompson</u>

Inmate Number   <u>959252</u>

Prison or Jail:   <u>Reception Medical Center WU</u>

Mailing address:   <u>Dorm G2143 single</u>
<u>P.O. Box b28</u>
<u>Lake Butler, Florida 32054-0628</u>

## II.   DEFENDANT(S): Being Sue in both. Individual and Official Capacity

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)   Defendant's name:   <u>Monica McCall Windsor</u>

Official position:   <u>OMC II - (formally Health Service Administrator)</u>

Employed at:   <u>North West FL. Reception Center - Main Unit and/or Annex</u>

Mailing address:   <u>4455 Sam Mitchell Drive</u>
<u>Chipley, Florida 32428</u>

(2)   Defendant's name:   _____

Official position:   _____

Employed at:   _____

Mailing address:   _____
_____

(3)   Defendant's name:   _____

Official position:   _____

Employed at:   _____

Mailing address:   _____
_____

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(  )                    No(✓)

1.   Parties to previous action:
(a)   Plaintiff(s): _____
(b)   Defendant(s): _____
2.   Name of judge: _____   Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(✓)                    No(  )

1.   Parties to previous action:
a.   Plaintiff(s): _Melvin Bernard Thompson_
b.   Defendant(s): _"Jane" Windsor et al._
2.   District and judicial division: _Northern - Pensacola/Panama_
3.   Name of judge: _Mr. Miles Davis_   Case #: _5:08 cv 322 RH/MD_
4.   Approximate filing date: _October 16th 2008_
5.   If not still pending, date of dismissal: _December 19th 2008_
6.   Reason for dismissal: _Voluntary Dismissal w/out Prejudice_

3

7.    Facts and claims of case: Denial of Medical Care, Retaliation, Discri mination, Deliberate Indifference, U.S. Const. Amends; 1st 8th and 14th

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
    a.    Plaintiff(s): Melvin Bernard Thompson
    b.    Defendant(s): Walter A. Mc Neal
2.    District and judicial division: Northern - Tallahassee
3.    Name of judge: Mr. William Sherrill    Case #: 4:07 cv 407 ws/ws
4.    Approximate filing date: September 19th 2007
5.    If not still pending, date of dismissal: December 03, 2008
6.    Reason for dismissal: Stay Lifted*/Voluntary Dismissal w/out Prejudice
7.    Facts and claims of case: Judicial Bias/Ineffective Asst. of Trial Counsel (inter alia) *Fla 5 Ct. overturned life sentences on August 28, 2008

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)                    No( )

1.    Parties to previous action:
    a.    Plaintiff(s): Melvin B. Thompson
    b.    Defendant(s): P. Aboon Isra/Nalini Anandjiwali
2.    District and judicial division: Northern/Panama
3.    Name of judge: Mrs Elizabeth Taylor    Case Docket # 5:09 cv 73 RS/EMT
4.    Approximate filing date: 8-21-09    Dismissal date: Sept. 18, 2009
5.    Reason for dismissal: Fed. R Civ P. 20(a)(2), and 21 Improperly Joined

4

6.    Facts and claims of case: Denial of Medical Care, deliberate Indifference
      U.S. Const. Amends 8th

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

CLAIM A: Deliberate Indiffrence, Interference and Denial of Proscribed Medical Care By: Defendant Monical McCall Windsor Health Service Administrator (here in after Windsor) Windsor was aware and had Knowledge at all times of Plaintiffs Serious Medical Needs/Condition that required plaintiff to wear Special Medical Issued Orthopedic Shoes.

1. On 10-13-2007 plaintiff in connection and continuation of ongoing proscribed Medical treatment, sought annual replacement of his worn out Orthopedic Medical Issued Spot Bilt Tennis Shoes size 12 1/2 EE, that had been issued on September 2006, in connection with Biofoam Specially made foot Orthotics inserts made by F.D.O.C. Contracted Brace Prothetic Specialist.

2. On 10-24-07 plaintiff recieved a pair of non-medical replacement shoes, that did not appropriately fit his feet, nor did the appropriately provide shock absorbant to plaintiff Knees to prevent re-injury to plaintiffs Knees, nor prevent pain from shock to plaintiffs Knees, or feet, nor did they accomadate the "size" of the 2006 Specially made Biofoam Orthotics inserts.

3. On 10-25-07 plaintiff was transferred to RMC, immediately upon return to NWFRC plaintiff informed HealthService Administrator Mrs. Street, of the problems with the 10-24-2007 non-medical shoes, and Sought replacement with appropriate size Orthopedic Shues.

4 On 11-30-07, Successor Health Service Administrator: Mss Monica McCall Windsor repond to my request for replacement Orthopedic Shoes stating: She would not replace the 10-24-07 shoes, and plaintiff could continue to wear them or purchase his own shoes from the canteen at his own ▮▮▮ expense, because plaintiff had recieved shoes 1 pair per year.

5

5. On 12-01-2007, plaintiff filed a grievance against Windsor for failing to take Corrective actions, in providing the proper Medical Care, and for placing the financial burden upon plaintiff to provide proscribed medical care at plaintiffs expense, when Windsor's Agency was under contract to provide health care to inmates within F.D.O.C. at NWFRC.

6. Sometime thereafter Plaintiff discovered that on approx 12-5-2007, in response to plaintiffs 12-01-2007 Formal Grievance that the Chief Health Officer(CHO) Dr. Ioan Ciungu[1] proscribed Medical Treatment that plaintiff be purchased a pair of Spot Bilt Orthopedic Shoes, to replace the 10-24-2007 non-medical Shoes. and directed Windsor to Order and purchase the Orthopedic Shoes at agencies expense.[1]

7. Thereafter, and subsequent to, various other Trained Health Care Professionals, proscribed that Plaintiff be issued/Ordered a pair of Spot Bilt or Dr. Comfort Orthopedic Shoes to replace the 10-24-2007 non medical shoes. On Approx. 3-21 or 26, 2008 in relation to Dr. Ciungu's Consult to Brace Clinic[1] (in relation to plaintiffs 12-01-2007 Formal Grievance) Dr. John Scott Thayer, Regional Executive Medical Director, M.D. advised Windsor/Ciungu (via letter) that plaintiff did not need to be seen by Brace Specialist to recieve Shoes, and that the Institution/Medical could provide shoes...purchase Shoes. Windsor still refused to Order Shoes. Plaintiff Iniated a long protracted/Hindered Formal Grievance Process. Then on October 31, 2008 ARNP Dowling directed/Proscribed Spot Bilt Orthopedic Shoes for plaintiff, then on 11-07-2008 Nurse Wynn, with the approval of Dr. Peter Hienze Schaffer (CHO), correborated ARNP's Dowlings proscribed (10-31-08) medical care, and futher ordered that plaintiff be issued Spot Bilt Shoes, then again on 12-22-08 ARNP Kathy Carrol proscribed via Consult to Brace Clinic that plaintiff be issued Spot Bilt Replacement shoes, which Dr. Thayer again denied as being medically uneccessary for plaintiff to recieve Shoes via Brace Clinic when the institution can purchase Shoes. ARNP Carrol then placed a "Physicians Order" for plaintiff to recieve issued a pair of Spot Bilt Shoes, and Issued a Pass that stated: Plaintiff must wear Orthopedic Shoes on 1-15-09. Windsor still refused and/or Interfered with plaintiff
n.1: also initiated Brace Clinic Consult to replace non medical 10-24-2007 Shoes

Obtaining proscribed Orthopedic Shoes. During this period plaintiff continued to file; informal, Formal, Appeals, request forms grieving Windsors Actions, (and continued to go to sick call regarding Orthopedic Shoes (interalia)). for refusing to provide plaintiff the proscribed Medical treatment also, advising within said. paper work/Administrative Remedies to Windsor of the Serious decaying condition, and pain plaintiff was experiencing with the wearing of the 10-24-2007 non-medical shoes, futher seeking the proscribed care. Windsor still refused to provide the proscribed care, futher responding to plaintiff. to either keep wearing the 10-24-2007 shoes or purchase his own shoes at his own expense from the canteen. Windsor, on approx 3-21-08 spoke with plaintiffs sister via, phone call and advised plaintiffs sister that Windsor had plaintiffs file on her desk, and that she was going to send plaintiff to Brace Clinic to get his shoes due to plaintiffs Medical Condition ... she wanted to make sure the shoes fit plaintiffs feet. However in Windsors responses to plaintiff's Informal Grievance she would tell plaintiff to keep wearing current 10-24-2007 shoes or purchase shoes from canteen, despite the fact that plaintiff advised Windsor that Canteen didnt carry his size, and dispite the fact that, plaintiff advised Windsor, that the wearing of the current 10 24-2007 Medical issued Non-Medical Shoes, were deteriorating, causing pain in Knees, and feet, causing callous Blisters, and plaintiff being a diabetic was in fear of injury. Windsor still refused to provide proscribed Medical care. Prior to Windsors departure she relayed to her replacement Health Service Administrator: Mr Jerome Calhoun of plaintiffs grievances, and attempts to obtain shoes, also now interferring with plaintiffs attempts to obtain shoes from Mr. Calhoun HSA.

---

n.2: this phone call took place because plaintiff had contacted his sister Ms Leila M. Thompson, and advised her of Windsors biased actions towards plaintiff in not providing the proscribed Medical Care for plaintiff, as she was providing that same care for other inmates similiarly situated as plaintiff (i.e; during the same period of time plaintiff was seeking the proscribed Medical Issued Orthoped ic Shoes, Windsor was providing the same Orthopedic Shoes to other inmates residing at NWFRC- Main Unit (and Annex) one in-mate in particular that was in a similar situa-

**8.** Plaintiff Carried out a long protracted and Hindered Exhaustion of Administrative Remedies, against Windsor, with Claims ranging from Retaliation, Discrimination, and Deliberate Indiffrence exhibited towards plaintiffs by Defendant Windsor's malicious, and Arbitrary actions. Throughout the process plaintiff became depiessed at the way he was being treated by defendant Windsor, and as a direct result plaintiff incurred injury to his Knees due to the non-medical Shoes. For over a period of approx 15-19 months Defendant Monica MACall Windsor deliberately, and Maliciously, with complete abandun to plaintiffs health exhibited deliberate Indiffrence to plaintiff Medical Condition, and As of September 23, 2009, Windsor still had not provided plaintiff with proscribed Medical Care - Nor did her Successor Mr. Calhaun.[3]

## CLARIFICATION OF PLAINTIFF'S
## ALLEGATIONS TO CLAIM: A, 1-8 (Per Court's Order Doc. 26 and 34)

A) Plaintiff hereby states/clarifies his allegations that Windsor exhibited a deliberate indiffrence to his Serious Medical Needs by Interferring and denying Physician(s) proscribed Medical Treatment. Plaintiff suffers from Physician(s) diagnosed Chronic Illness, that mandates treatment by Physicians. Diabetes, with corresponding diabetic Complications, such as Neuropathy in feet, and Osteo Chondritis Dessicans/Severe Degenerative Joint Disorder/ Vascular Necrosis of both left and Right Knee, Bilateral heel pain, and Plantar faciitis of the feet. These Serious Medical Conditions have been treated by Multiple Fla. Dept. of Corrections, Primary Care Physicians, and Contracted: Orthopedic, Podiatrist, Neurolo-

---

n.2 continued: ...tion as plaintiff such as being diagnosed with diabeties, had complained to Medical/ARNP Cathy Carrol, that his current shoes hurt his feet, ARNP Carrol proscribed Spct Bilt replacement shoes for this inmate, and Windsor who Sole responsibility to purchase Orthopedic Shoes did so for this inmate, who did not have to obtain them via Brace Clinic, Windsor Ordered the shoes and they were sent to the Institution for Inmate Ronnie Larkins.

n.3: that care was provided by ▮▮▮▮ Reception Medical Center Medical Personel, and Medical Warehouse peisonel... On approx 8-24-09, towit: Dr. Comfort 12 2EE Orthopedic Shoes.

gist, Prosthetic Specialist within the Fla. Dept of Corrections for approx. 9½ years or more, in various forms of corrective and preventive medical care, ranging from: Surgical proceedures (3 surgeries in D.O.C. and approx 3 surgeries in the private sector), Medications, Orthopedic Shoes, and Specially made Biofoam Orthotics, to prevent plaintiff from substaintial risk of harm and unneccesary pain to Knees and feet.

B) On various dates, F.D.O.C. Primary Care Physicians (CHO), and Advanced Registered Nurse Practitioners (ARNPS) (over Windsor's refusal/objections) Prescribed Medical Care/Treatment in the Form of Orthopedic Shoes Spot Bilt/Dr.Comfort to be issued to plaintiff, after thorough examination of plaintiff's Medical History, and after "**repeated**" re-evaluations of plaintiff's present complications and after viewing the... worn out condition of plaintiffs 10-24-07 shoes that were non-medical, incorrect size, and realizing that the shoes did not meet the neccesary medical preventive requirements of plaintiff's ongoing Medical treatment to prevent plaintiff from substaintial risk of harm, and unneccesary pain, directed Windsor to provide the financial means, and Order/purchase the Orthopedic Shoes enstead of Windsor requiring plaintiff to be Financially responsible for physician proscribed Medical Care.

C) Therefore Windsor was aware at all times, and had an abundance of Knowledge of plaintiff's serious medical need and the corresponding physician proscribed Medical Care/Treatment, and the risk posed of substantial harm and the "actual pain" to plaintiff, because the treatment was proscribed by a physician. Windsor deliberately disregarded the risk posed to substaintial harm/injury[4] and infliction of pain upon plaintiff when Windsor for over a 15 to 19 month period has denied plaintiff proscribed Medical Care, maliciously, Arbitrarily, and with Cruel deliberate indiffrence, that has now resulted in highly possibility of injury[4]

n.4: Plaintiff avers that on 7-20-09 or 7-21-09, he went to sick call for inter alia pains in both left and Right Knee. The 10-24-07 non-medical Shoe's heels were

9.

D.) It is F.D.O.C. Policy (and Windsor's Agency Policy) that: "It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing..." It is also policy that it is the Health Service Administrators responsibility to cordinate and purchase (inter alia) Orthopedic Shoes when proscribed by CHO or ARNP. Windsor's refusal to purchase plaintiffs Shoes with knowledge that the CHO had mandated proscribe treatment is totally inexcusable and non-defensiable in light of foregoing facts.

E.) As a direct result of Windsor's unlawful actions, plaintiff has had to endure emmense emotional/psychological injury, unneccesary pain, and actual injury[4] to his knees, and actual Injury in the form of violating plaintiffs Constitutional Civil Rights against Cruel and Unusual punishment ... and plaintiff had to futher endure pain, suffering emotionally, and continued violation of his Civil Rights, because when Windsor departed the Main Unit she relayed to her Successor. HSA Mr. Jerome Calhoun about plaintiffs attempts to recieve Orthopedic Shoes and the grievances plaintiff filed against Windsor - thus prejudicing plaintiff in the eyes/mind of her Successor Mr. Calhoun. This statement is verified by the fact that when plaintiff encountered Mr. Calhoun HSA, appox. Mid June 2009 @ Medical Dept. a conversation started and once plaintiff revealed to Mr. Calhoun who plaintiff actually was Mr. Calhoun Stated inter alia - and in response to plaintiffs inquiries: "I've heard about you.... thru conversations and reading ... what do you want ... you'll recieve the Shoes ... I

n.4.(continued): ...are so worn out until it was hard for plaintiff to keep his balance when walking on the edge of the side walk (controled movement area) plaintiff would loose his balance and stumble off the side walk repentedly, causing Shock directly to his knees, plaintiff would alternate between wearing the 10-24-07 shoes, and "BoBo" which were even acknowledged by Dr. Thayer that due to plaintiffs medical condition he should not be wearing BoBo's - now plaintiff is experiencing a constant jabbing, sticking, scrubbing sensation/pain in his left/Right knee. Plaintiff has repeatedly 7-21-09, 7-29-09, 8-12-09, 8-18-09, 8-19-09 ... 9-3or4-09, 9-9-09 sought Consult to Orthopedic (inter alia) for medical care, but is being denied to present 9-23-09.

promise. I know its been going on a while but that was under some one else... I'm here now and you can write down in your notes that Mr. Calhoun is getting your shoes... I have hundreds of inmates to deal with..." Then on another occasion subsequently to the conversation above, plaintiff encountered Mr. Calhoun in the medical lobby, and again enquired about recieving the Orthopedic Shoes Dr. Richardson CHO, had requested that plaintiff recieve on 4-7-09, Mr. Calhoun, looked at plaintiff and stated: "Keep waiting... but then said: I havent forgot about you..."

Its obvious, that defendant Windsor's deliberate indiffrence towards plaintiff prejudiced any attempts by plaintiff to recieve proscribed medical care from her Successor. In fact on 7-10-09 @ plaintiff Chronic Illness Clinic for Diabeties plaintiff informed CHO Dr. Richardson that plaintiff had not recieved the replacement Orthopedic Spot Bilt or Dr. Comfort shoes that Dr. Richardson had requested via. Physicians Order Sheet on 4-7-09. Dr. Richardson Again on 7-10-09 requested that plaintiff be purchased a pair of Orthopedic shoes, and further noted that Medical Chart begiven to Mr. Calhoun HSA to Order/purchase shoes. the Chronic Illness Clinic (DC4-701F Form) was signed off by Mrs. Foskey RN Supervisor.* But plaintiff still did not recieve any Orthopedic Shoes,[3] from NWFRC Medical Dept. Personel. Plaintiff did Order a pair of New Balance Tennis Shoes from Canteen, but the shoes recieved did not fit plaintiffs feet, Cost $45.25. Albeit Canteen employee Ms Biock told plaintiff he could Order a specific size 121E although they were not listed on the Catalog Order Form. Now plaintiff is being... denied a refund of his money he spent on the Shoes, albeit a grievance was approved.**

Due to Windsor's deliberate Indiffrence of denying Plaintiff Proscribed Medical Care, plaintiff has endured extreme emotional injury and physical pain and injury.

* Plaintiff is not naming; Mr. Calhoun, Mrs. Foskey, Dr. Richardson, as defendants within "this" instant Complaint for failing/Denying Medical Care. They are named (mentioned) in "this" Complaint as individuals surrounding the claim that has direct Knowledge of plaintiffs allegations...

** despite the fact Plaintiff didnt even recieve the New Balance shoes... to this present date of September 23, 2009.

11.

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Claim A paragraphs 1-8, and Clarifications. A thru E and Corresponding Foot Notes 1 thru 4 and (*) alledge 8th Amendment Violations.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Jury Trial, Injunctive/Declaratory Relief; Compensatory no less than 75,000°° reimbursment of all Court Filing Fees, Copying, Postage, Attorney, Investigative, Expert witness, 45.25 refund for New Balance Shoes, Counter Suits Claim Fees, any and all cost associated with the case @ Bar. Punitive Damage for emotional, and physical pain and injury in the amount of 500,000°° (and Nominal) Damage Awards, 1.°° . a Declaration that my Const. Civil Rights were violated By Windsor, and Any other relief this Court Deems just and appropriate.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

September 24th 2009
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ***
☐ delivered to prison officials for mailing or ☑ deposited in the prison's internal mail system on: the 24th day of September , 20 09 .

_____
(Signature of Plaintiff)

*** : Revised 03/07
I HEREBY CERTIFY that: a Identical (1) Service Copy has also been Submitted w/ this Original Complaint, has been deposited in the prisons internal mail System on the 24th day of September 2009

s/

12