IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELVIN B. THOMPSON,
       Plaintiff,

vs.                                   Case No. 5:09cv73/RS/EMT

MONICA WINDSOR,
       Defendant.
_____/

## ORDER

    This matter is before the court on Plaintiff's "Motion for Federal Rule Civil Pro. – Rule 56f and 37 Compel Proceedings" (Doc. 110). In the instant motion, Plaintiff asserts Defendant is not cooperating with discovery in the following regards: (1) counsel for Defendant will not agree to recording of Defendant Windsor's deposition by audio instead of stenographic means (Plaintiff states he is financially unable to pay for a stenographer), (2) counsel will not agree to advance the costs, by placement of a lien on Plaintiff's inmate account, of production of documents sought by Plaintiff, (3) Defendant's answers to Plaintiff's interrogatories and requests for admissions are confusing, evasive, and unreasonable, (4) in response to one of Plaintiff's requests for production, Defendant denied that correspondence between her and other medical providers existed, despite her statement in her affidavit (submitted in support of her motion for summary judgment) that she "alerted and consulted" with other medical providers, and (5) Plaintiff was permitted to review his medical file but was not afforded sufficient time or opportunity to do so[1] (*id.* at 2–4). Additionally, Plaintiff states he wishes to depose fourteen (14) members of the Department of Corrections'

---

[1] Plaintiff states that on February 15, 2010, he was provided only three (3) minutes to review his medical file, while an additional forty (40) minutes was consumed by "Mrs. Billings" describing to Plaintiff the contents of his medical file (Doc. 110 at 2–3). He additionally states he attempted to review specific documents (physician order sheets), but Ms. Billings told him they did not exist, without providing him the opportunity to actually review his file (*id.* at 3).

medical staff and obtain written statements or affidavits from four (4) inmates (*id.* at 4).[2]  Finally, Plaintiff requests that the court reconsider its previous denials of his motions for appointment of counsel (*id.*).  He states he is now in a medical facility that is hundreds of miles from the persons he wishes to depose (*id.*).  He states he is scheduled to have surgery on his wrist on February 26, 2010, and surgery on his knees after that, and he is taking narcotic pain medication which inhibits his ability to focus (*id.* at 4–5).

Item #1:  Recording of Defendant Windsor's deposition

Plaintiff states Defendant's counsel had denied his request that Defendant's deposition be recorded by audio instead of stenographic means.  Since the 1993 amendments to Rule 30 of the Federal Rules of Civil Procedure, parties are no longer required to obtain a court order or stipulation of counsel to record a deposition by nonstenographic means.  *See* Fed. R. Civ. P. 30(b)(3); *see also* Gillen v. Nissan Motor Corp. in U.S.A., 156 F.R.D. 120, 122 (E.D. Pa. 1994).  Thus, Plaintiff is entitled to record Defendant's deposition with the method of his choosing.  However, Plaintiff's incarceration presents several issues that the parties must attempt to resolve:  (1) the provision of necessary equipment, including recorders and blank tapes (the court will require the use of two recording devices so that each party has an original tape); (2) the attendance of a person qualified to administer oaths and to operate and monitor the recorders (a logical choice would be the litigation coordinator at the institution); (3) the procedure for submission of the deposition to the witness for review and correction, unless waived, as provided in Rule 30(e); and (4) the storage and preservation of the tapes.  Additionally, if Plaintiff intends to submit Defendant's deposition in opposition to Defendant's motion for summary judgment, he is advised that he must submit the testimony in the form of a transcript.  *See* Fed. R. Civ. P. 30, Advisory Committee's Note to 1993 Amendments to subdivision (b) ("... a party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is

---

[2] Plaintiff states he wishes to depose the following members of the medical staff:  (1) Dr. Ciungu and Mr. Hall, both of whom are located at River Junction Work Camp, (2) Nurse Wynn and Nurse Myers, both of whom are located at NWFRC Annex, (3) ARNP Carrol, Dr. Richardson, ARNP Dowling, Nurse Foskey, and Nurse Hall, all of whom are located at NWFRC Annex Main Unit, (4) Dr. Hienzeshaffer and Dr. Syed, whose locations are unknown, and (5) Joanne Terrell, Patrick Brown, and Kathy Goltry, who are located in Tallahassee (Doc. 110 at 2). Plaintiff states he requires written statements from the following inmates:  Lawrence Haram (Inmate #080843), Glenn Spivey (Inmate #410286), Carl Johnson (Inmate #698769), and Inmate Stiermeyer (or Stienmeyer) (Doc. 110 at 2).

later to be offered as evidence at trial or on a dispositive motion under Rule 56."); Fed. R. Civ. P. 32(c). Therefore, Defendant shall respond to this issue <u>after conferring with Plaintiff on the procedural issues identified *supra*</u>.

<u>Item #2: Costs of production of documents</u>

As Plaintiff was previously advised, he must bear the financial burden of the production of documents, and the court will not require Defendant to advance said costs.

<u>Item #3: Motion to compel answers to Plaintiff's interrogatories and requests for admissions</u>

Defendant need not respond to this part of Plaintiff's motion as Plaintiff's motion to compel Defendant's answers to interrogatories fails to comply with the Local Rules of this court. Rule 26.2 provides that motions to compel must (1) quote verbatim each interrogatory and request for admission to which objection is taken, (2) quote in full the opponent's specific objections; and (3) state the reasons such objection should be overruled and the motion granted. N.D. Fla. Loc. R. 26.2(B). In the instant motion, Plaintiff failed to provide any of the information required by Local Rule 26.2(B).

<u>Item #4: Motion to compel correspondence between Defendant and other medical providers</u>

Defendant shall respond to Plaintiff's assertion that she failed to produce correspondence between herself and other medical providers, in light of her statement in her affidavit that she "alerted and consulted" with other medical providers. Defendant shall state whether any documentation of such consultations exists.

<u>Item #5: Additional time and opportunity to review medical file</u>

Defendant shall respond to Plaintiff's assertion that he was not afforded sufficient time and opportunity to review his medical file, including whether Defendant opposes affording Plaintiff an additional opportunity to review his medical file.

<u>Item #6: Taking of depositions of third parties</u>

Defendant need not respond to this part of Plaintiff's motion. As Plaintiff was previously advised, he must bear the costs of his own discovery, including the payment of witness fees or travel expenses or both associated with third party depositions. *See* <u>Gregg v. Clerk of United States Dist. Court</u>, 160 F.R.D. 653 (N.D. Fla. 1995). Therefore, Plaintiff must demonstrate he is able to pay the

$40.00 witness fee for each third party deposition he wishes to take before the court will direct the clerk of court to issue any subpoena for deposition.

Item #7:  Obtaining written declarations from inmate witnesses

Defendant shall respond to Plaintiff's request to communicate with the inmates identified in Note 2, *supra*, to obtain their written declarations.  The court is inclined to order the procedure approved by the DOC in Flanagan v. Shipman, Case No. 3:08cv204/RV/WCS, Doc. 80, for the submission of written depositions to other inmates.[3]  Therefore, Defendant's counsel shall review that procedure and state any objections thereto.

Accordingly it is **ORDERED**:

Within **TEN (10) DAYS** from the date of docketing of this order, Defendant shall respond to Items #1, #4, #5, and #7, as directed in the body of this order.

**DONE AND ORDERED** this 3rd day of March 2010.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] A copy of that order is attached to this order.

Case No. 5:09cv73/RS/EMT