IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELVIN B. THOMPSON,
     Plaintiff,

vs.                                  Case No. 5:09cv73/RS/EMT

MONICA WINDSOR,
     Defendant.
_____/

## **ORDER**

This matter is before the court on Plaintiff's "Motion for Federal Rule Civil Pro. – Rule 56f and 37 Compel Proceedings" (Doc. 110). In the instant motion, Plaintiff asserts Defendant is not cooperating with discovery in the following regards: (1) counsel for Defendant will not agree to recording of Defendant Windsor's deposition by audio instead of stenographic means (Plaintiff states he is financially unable to pay for a stenographer), (2) counsel will not agree to advance the costs, by placement of a lien on Plaintiff's inmate account, of production of documents sought by Plaintiff, (3) Defendant's answers to Plaintiff's interrogatories and requests for admissions are confusing, evasive, and unreasonable, (4) in response to one of Plaintiff's requests for production, Defendant denied that correspondence between her and other medical providers existed, despite her statement in her affidavit (submitted in support of her motion for summary judgment) that she "alerted and consulted" with other medical providers, and (5) Plaintiff was permitted to review his medical file but was not afforded sufficient time or opportunity to do so[1] (*id.* at 2–4). Additionally, Plaintiff states he wishes to depose fourteen (14) members of the Department of Corrections'

_____

[1] Plaintiff states that on February 15, 2010, he was provided only three (3) minutes to review his medical file, while an additional forty (40) minutes was consumed by "Mrs. Billings" describing to Plaintiff the contents of his medical file (Doc. 110 at 2–3). He additionally states he attempted to review specific documents (physician order sheets), but Ms. Billings told him they did not exist, without providing him the opportunity to actually review his file (*id.* at 3).

medical staff and obtain written statements or affidavits from four (4) inmates (*id.* at 4).[2]  At the conclusion of his motion, Plaintiff requests that the court appoint counsel for him because pursuing this action has become difficult and complex, especially in light of his medical condition (*id.*).[3, 4]

The court directed Defendant to respond to four of Plaintiff's seven requests (*see* Doc. 111), and Defendant has done so (Doc. 115).

<u>Item #1:  Recording of Defendant Windsor's deposition</u>

Plaintiff states Defendant's counsel denied his request that Defendant's deposition be recorded by audio instead of stenographic means.  The undersigned advised the parties that Rule 30 of the Federal Rules of Civil Procedure provides that parties are no longer required to obtain a court order or stipulation of counsel to record a deposition by nonstenographic means.  *See* Fed. R. Civ. P. 30(b)(3); *see also* <u>Gillen v. Nissan Motor Corp. in U.S.A.</u>, 156 F.R.D. 120, 122 (E.D. Pa. 1994). However, the court noted that Plaintiff's incarceration presented several issues that the parties must attempt to resolve:  (1) the provision of necessary equipment, including two recording devices and blank tapes; (2) the attendance of a person qualified to administer oaths and operate and monitor the recorders; (3) the procedure for submission of the deposition to the witness for review and correction, unless waived, as provided in Rule 30(e); and (4) the storage and preservation of the tapes.  Additionally, the court advised Plaintiff that if he intended to submit Defendant's deposition in opposition to Defendant's motion for summary judgment, he must submit the testimony in the form of a transcript.  *See* Fed. R. Civ. P. 30, Advisory Committee's Note to 1993 Amendments to

---

[2]  Plaintiff states he wishes to depose the following members of the medical staff:  (1) Dr. Ciungu and Mr. Hall, both of whom are located at River Junction Work Camp, (2) Nurse Wynn and Nurse Myers, both of whom are located at NWFRC Annex, (3) ARNP Carrol, Dr. Richardson, ARNP Dowling, Nurse Foskey, and Nurse Hall, all of whom are located at NWFRC Annex Main Unit, (4) Dr. Hienzeshaffer and Dr. Syed, whose locations are unknown, and (5) Joanne Terrell, Patrick Brown, and Kathy Goltry, who are located in Tallahassee (Doc. 110 at 2). Plaintiff states he requires written statements from the following inmates:  Lawrence Haram (Inmate #080843), Glenn Spivey (Inmate #410286), Carl Johnson (Inmate #698769), and Inmate Stiermeyer (or Stienmeyer) (Doc. 110 at 2).

[3]  Plaintiff states he is now in a medical facility that is hundreds of miles from Defendant and the non-parties he wishes to depose (Doc. 110 at 4).  He states he is awaiting surgery on his wrist and knees and is taking narcotic pain medication which inhibits his ability to focus (*id.* at 4–5).

[4]  In an order issued by the court two days ago, the undersigned erroneously indicated that Plaintiff's request for appointment of counsel had been previously denied (*see* Doc. 119); however, the court had not actually ruled on the request.  The court rules on his request in the instant order.

subdivision (b) (". . . a party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56."); Fed. R. Civ. P. 32(c).

According to the response filed by Defendant's counsel, he and Plaintiff conferred regarding the procedural issues identified by the court. Upon review of this response, the undersigned concludes that Plaintiff has not shown his ability, financial or otherwise, to provide a reliable method of recording Defendant's deposition or the means to supply a transcript of the deposition to Defendant for review and correction. Therefore, his motion to compel Defendant's deposition will be denied. However, the court will extend the discovery deadline to allow Plaintiff time to serve additional interrogatories upon Defendant (no more than thirty in number).[5]

Item #2: Costs of production of documents

Plaintiff's request that Defendant be required to advance the costs of production of documents sought by Plaintiff, by placement of a lien on his inmate account, will be denied. Plaintiff must bear the financial burden of the production of documents, and the court will not require Defendant to advance said costs.

Item #3: Motion to compel answers to Plaintiff's interrogatories and requests for admissions

To the extent Plaintiff seeks an order compelling Defendant to answer interrogatories and requests for admissions, his motion has been addressed by the court in the order issued March 12, 2010 (Doc. 116).[6]

---

[5] Defendant does not oppose an extension of the discovery deadline to permit Plaintiff to serve an additional thirty interrogatories (*see* Doc. 115 at 5). Moreover, the court finds that 30 interrogatories are more than sufficient to discover relevant information from Defendant. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts).

[6] The instant motion to compel this discovery material (Doc. 110) failed to comply with the requirements of Local Rule 26.2(B), that is, a motion to compel must (1) quote verbatim each interrogatory and request for admission to which objection is taken, (2) quote in full the opponent's specific objections; and (3) state the reasons such objection should be overruled and the motion granted. N.D. Fla. Loc. R. 26.2(B). Plaintiff then filed a second motion to compel the same discovery material (Doc. 112), which the court denied for failure to comply with the conference requirement of Rule 37 of the Federal Rules of Civil Procedure, Rule 7 of the Local Rules, and this court's Case Management and Scheduling Order (*see* Doc. 116).

Item #4:  Motion to compel correspondence between Defendant and other medical providers

To the extent Plaintiff seeks an order compelling Defendant to produce correspondence between herself and other medical providers, the motion will be denied.  Defendant's counsel states that such correspondence does not exist (Doc. 115 at 6–7), and the court cannot compel Defendant to produce something that does not exist.[7]

Item #5:  Additional time and opportunity to review medical file

Plaintiff asserts he was not afforded sufficient time and opportunity to review his medical file.  Defendant's counsel disputes Plaintiff's assertions, however, counsel does not state whether he opposes Plaintiff's receiving additional opportunity to review his medical file.  Plaintiff's motion will be granted to the extent that he shall be given additional time (two sessions, each lasting no more than two hours) to review his medical records.  However, in light of Plaintiff's failure to attempt in good faith to resolve this discovery issue without court action prior to filing his motion to compel, the court will not order payment of his expenses in making the instant motion.  *See* Fed. R. Civ. P. 37(a)(5)(A, C).

Item #6:  Taking of depositions of non-parties

Plaintiff requests issuance of subpoenas to depose several non-parties.  Plaintiff's request will be denied in light of his failure demonstrate his ability to pay the $40.00 witness fee for each third-party deposition he wishes to take.  *See* Gregg v. Clerk of United States Dist. Court, 160 F.R.D. 653 (N.D. Fla. 1995) (litigant proceeding in forma pauperis must bear costs of his own discovery, including payment of witness fees or travel expenses or both associated with third-party depositions).

Item #7:  Obtaining written declarations from inmate witnesses

Plaintiff also requests that he be permitted to communicate with the following inmates to obtain written declarations:  Lawrence Haram (Inmate #080843), Glenn Spivey (Inmate #410286), Carl Johnson (Inmate #698769), and Inmate Stiermeyer (or Stienmeyer).  Defendant's counsel states, with regard to Inmate Stiermeyer (or Stienmeyer), that there is no record of an inmate with

---

[7] To the extent Plaintiff contends that Defendant's statement conflicts with the statement she provided in her affidavit (i.e., that she alerted and consulted with other medical providers), the court notes that "alerting" and "consulting" can be done orally, and if done orally, no written correspondence would exist.

that name in the DOC's custody. In light of this response, the court will not require the DOC to make further efforts to facilitate Plaintiff's communication with Inmate Stiermeyer (or Stienmeyer or Steinmeyer).

With regard Inmate Lawrence Haram, Defendant's counsel states that he is housed at the Reception and Medical Center, the institution where Plaintiff is temporarily housed; therefore, Plaintiff is able to obtain a declaration from him without assistance from DOC staff (*see* Doc. 115 at 11). The court is not convinced, however, that Plaintiff and Inmate Haram can communicate with each other merely because they are housed at the same institution. Thus, with regard to Inmate Lawrence Haram, as well as Inmates Glenn Spivey and Carl Johnson (who, according to Defendant's counsel, are both housed at the Northwest Florida Reception Center), Plaintiff shall follow the procedure outlined by the court in Flanagan v. Shipman, Case No. 3:08cv204/RV/WCS, for the submission of written depositions to these three inmates. Therefore, Plaintiff will have fourteen (14) days to submit to Alexandria Walters, Assistant General Counsel for the DOC, a list of written deposition questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure, for Inmates Haram, Spivey and Johnson. Within fourteen (14) days, the Assistant General Counsel shall provide the deposition questions to the appropriate litigation coordinator at the institution(s) where Inmates Haram, Spivey, and Johnson are housed. The litigation coordinator shall promptly take the sworn testimony of each inmate witness and return the responses to the Assistant General Counsel, who shall then return the written deposition responses to Plaintiff. The responses shall be returned to Plaintiff within thirty (30) days from the date of Plaintiff's certificate of service to the Assistant General Counsel.

As a final matter, Plaintiff's request for appointment of counsel will be denied. Upon review of the pleadings and other filings in this action, the court finds that there are no exceptional circumstances to merit the appointment of counsel. The issue in this case is whether Defendant was deliberately indifferent to Plaintiff's medical needs with regard to providing him a specific type of shoe (*see* Doc. 40). Legal issues of this nature have been settled in previous cases, and the facts do not appear to be complex. Moreover, the pleadings and other documents filed thus far by Plaintiff suggest that he has an ability to communicate his allegations and litigate his case as well as that of

the average pro se litigant, even in light of his medical issues. Therefore, Plaintiff's motion for appointment of counsel will be denied.

Accordingly it is **ORDERED**:

1.      Plaintiff's motion to compel (Doc. 110) is **GRANTED IN PART**. The motion is **GRANTED** only to the extent that Plaintiff shall be given additional time (two sessions, each lasting no more than two hours) to review his medical records. Additionally, the discovery deadline is extended to **MAY 3, 2010**, <u>only</u> for Plaintiff to complete the following limited discovery: (1) additional interrogatories to Defendant (limited to thirty in number), (2) further inspection of his medical records, in accordance with the parameters set forth in this order, and (3) written declarations from Inmates Lawrence Haram (Inmate #080843), Glenn Spivey (Inmate #410286), and Carl Johnson (Inmate #698769). The motion is otherwise **DENIED**.

2.      Plaintiff shall have until **APRIL 2, 2010**, to submit written deposition questions, pursuant to Fed. R. Civ. P. 31, for Inmates Lawrence Haram (Inmate #080843), Glenn Spivey (Inmate #410286) and Carl Johnson (Inmate #698769), to Alexandria Walters, Assistant General Counsel, Florida Department of Corrections, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500. Within fourteen (14) days of the date of receipt, the Assistant General Counsel shall determine the current location(s) of these inmates and provide the deposition questions to the appropriate litigation coordinator at the institution(s) where Inmates Spivey and Johnson are housed. The litigation coordinator shall promptly take the sworn testimony of each inmate witness and return the responses to the Assistant General Counsel, who shall then return the written deposition responses to Plaintiff. The responses shall be returned to Plaintiff within thirty (30) days from the date of Plaintiff's certificate of service to the Assistant General Counsel.

3.      Plaintiff shall have until **APRIL 2, 2010**, to serve additional interrogatories (not to exceed thirty in number) upon Defendant.

4.      The clerk shall send a copy of this order to Alexandria Walters, Assistant General Counsel, Florida Department of Corrections, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

**DONE AND ORDERED** this 18<u>th</u> day of March 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**