IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELVIN BERNARD THOMPSON,
    Plaintiff,

vs.                                      Case No.: 5:09cv73/RS/EMT

MONICA McCALL WINDSOR,
    Defendant.
_____/

**O R D E R**

The following motions came on for a telephonic hearing before the undersigned on May 3, 2010: Defendant's motion to strike (Doc. 135), Plaintiff's motion to compel (Doc. 139), and Plaintiff's motion for clarification and supplement thereto (Docs. 140, 141). Plaintiff appeared pro se. Defendant appeared through counsel, Marcus Graper. Susan Maher, Deputy General Counsel for the Florida Department of Corrections (DOC), also appeared.

Upon consideration of the parties' submissions and arguments, it is hereby **ORDERED**:

1.    Defendant's motion to strike (Doc. 135) is **GRANTED**. The portions of the written questions directed to Inmate Glenn Spivey and Inmate Carl Johnson that request production of documents are **STRICKEN**.[1] Defendant shall serve Inmate Spivey and Inmate Johnson's responses to the depositions by written questions on or before **MAY 7, 2010.**[2]

---

[1] This includes the requests for production of documents embedded in Questions 5, 7, and 14 directed to Inmate Spivey and the requests embedded in Questions 14, 16, 17, 18, 21, and 25 directed to Inmate Johnson.

[2] For purposes of this order, the words "serve" (as used in paragraphs 1 and 5) and "file" (as used in paragraph 8) mean to deposit for mailing or to place in the hands of institutional officials for mailing.

2. Plaintiff's motion for clarification and supplement thereto (Docs. 140, 141) are **DENIED as moot**, since the subject matter of the motion was clarified by the court's granting Defendant's motion to strike.

3. Plaintiff is permitted to seek an affidavit or written declaration from Inmate Julius Haylard.

4. Plaintiff's motion to compel (Doc. 139) is **DENIED as moot**.

5. On or before **MAY 7, 2010**, Defendant shall serve copies of the seventy-five (75) documents identified by Plaintiff in a list provided to his classification officer on May 3 or 4. Additionally, Defendant shall refund the overpayment for the costs of production in the amount of $15.45 to Larson Thompson, 1976 Carp Drive, Tallahassee, Florida, 32303.

6. Defendant's objection to Plaintiff' second set of interrogatories is **DENIED as moot**, **EXCEPT** Defendant's objection to the request for documents included in Interrogatory #3 is **SUSTAINED**.

7. Defendant's request for an order requiring Plaintiff to sign a release of his mental health records is **DENIED without prejudice**.

8. Plaintiff's response to Defendant's motion for summary judgment shall be filed on or before **JUNE 11, 2010.**

9. The clerk shall terminate Defendant's motion for hearing (Doc. 142).

**DONE AND ORDERED** this 4th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**