IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MELVIN BERNARD THOMPSON,
     Plaintiff,

vs.                                      Case No.:  5:09cv73/RS/EMT

MONICA McCALL WINDSOR,
     Defendant.
_____/

**O R D E R**

        This matter is before the court on Plaintiff's "Motion to Alter of [sic] Amend the Judgement [sic] in Part" (Doc. 152).  Defendant responded in opposition to the motion (Doc. 154).

        Plaintiff requests that the court amend its order issued May 4, 2010 (Doc. 150), following the telephonic hearing on Defendant's motion to strike (Doc. 135), Plaintiff's motion to compel (Doc. 139), and Plaintiff's motion for clarification and supplement thereto (Docs. 140, 141), to "more accurately reflect this court's orders" with regard to paragraphs two and seven of the order (*see* Doc. 152 at 3).  Essentially, Plaintiff asks the court to memorialize certain statements allegedly made during discussions between the undersigned and the parties at the hearing in the event he decides to appeal the order (*see* Doc. 152 at 3).

        As discussed *infra*, the order accurately reflects the court's rulings on the issues presented at the hearing, and the order, in conjunction with the parties' written motions and submissions which were the subject of the hearing, provides an adequate record for review of the issues decided.  If Plaintiff desired a verbatim record of the hearing, he should have either requested that the hearing be recorded or made arrangements for a court reporter.  Therefore, the court will not alter or amend the May 4 order.  However, as it is apparent from Plaintiff's motion that he misinterpreted or misheard some of the court's statements during the hearing, the court will take this opportunity to

correct his misconceptions.  The court will first address Plaintiff's specific objections to paragraphs two and seven of the May 4 order; thereafter, the court will address Plaintiff's general objections to the order.

> Paragraph 2 ("Plaintiff's motion for clarification and supplement thereto (Docs. 140, 141) are **DENIED** as moot, since the subject matter of the motion was clarified by the court's granting Defendant's motion to strike.") (Doc. 150 at 2 ¶ 2).

In Plaintiff's motion, he first asks the court to amend paragraph two of the May 4 order to include the following statements allegedly made by the undersigned (during the discussion of Plaintiff's allegations that Ms. Alexandria Walters and other employees of the Department of Corrections (DOC) threatened "inmate witnesses," namely Carl Johnson, with adverse action if they provided evidence favorable to Plaintiff):  (1) the court "advised" Defendant's counsel to notify DOC security officers to not retaliate against Plaintiff's witnesses, (2) the court "mentioned" that Ms. Walters' actions should be chilled since she now knows that Plaintiff brought this issue to the attention of a federal judge, and (3) the court "advised" Plaintiff to inform Inmate Johnson to file a civil rights complaint if he felt he was subjected to retaliation (*see* Doc. 152 at 1–2).  Defendant responds as follows:  (1) the court neither stated nor ordered Defendant's counsel to notify any DOC employees to not retaliate against witnesses; the court simply requested that counsel and the respective institution's litigation coordinator assure that the witnesses' answers to Plaintiff's written depositions questions were responsive; (2) the court made no mention or ruling about Ms. Walters' actions being "chilled," or that she should be on notice due to the issue being brought before a federal judge; and (3) the court did not advise Plaintiff to inform Mr. Johnson to file a civil rights complaint; the court merely suggested that Inmate Johnson had a remedy outside of this action (*see* Doc. 154 at 2).

As note *supra*, paragraph two of the May 4 order denied Plaintiff's motion for clarification and supplement thereto (Doc. 150).  In that motion, Plaintiff requested that the court clarify whether his "inmate witnesses," that is, the two inmates upon whom he served written deposition questions, were limited to providing "yes" or "no" answers to Plaintiff's questions instead of providing specific factual responses, and whether the inmates were prohibited from supplying documents requested by Plaintiff in the written deposition questions.  Plaintiff alleged that Ms. Alexandria Walters (Assistant

General Counsel for the DOC) instructed Inmate Johnson, through Johnson's classification officer, not to respond to Plaintiff's requests for documents and to provide only "yes" or "no" responses to the written questions. Plaintiff also alleged that DOC security officers threatened to retaliate against Inmate Johnson if he provided favorable evidence to Plaintiff (*see* Doc. 140). Plaintiff's motion was related to Defendant's motion to strike, in which Defendant requested that Plaintiff's requests for documents—embedded in the written deposition questions—be stricken. During the discussion of these issues, the undersigned found that Plaintiff failed to provide sufficient evidence showing that Ms. Walters gave Inmate Carl Johnson a directive to provide only "yes" or "no" answers.[1] The court commented that even if Ms. Walters gave such a directive, which the court did not find was the case, such conduct would likely be chilled in light of Plaintiff's including such allegations in his motion and in the complaint he filed against Ms. Walters with The Florida Bar (*see* Doc. 142-2). The undersigned also found that Plaintiff failed to provide sufficient evidence that DOC security officers threatened to retaliate against Inmate Johnson for answering Plaintiff's discovery requests.[2] During the undersigned's explanation of this finding, the court commented that if DOC security officers were making such threats, which the court did not find was the case, such conduct would not further Defendant's cause. The undersigned did not direct Defendant's counsel to notify DOC employees to refrain from retaliating against inmate witnesses. The undersigned also commented that if Inmate Johnson believed he was the victim of retaliation, he could file a civil rights complaint; the court did not direct Plaintiff to provide Johnson with this information, and to the extent the court suggested that Plaintiff was free to provide this information to Johnson, this statement was not intended as a

---

[1] Plaintiff asserted in his motion that Inmate Johnson told him that Ms. Walters had instructed Mr. Carter (Johnson's classification officer) to direct Johnson to answer only "yes" or "no" (*see* Doc. 140 at 3). Plaintiff submitted Mr. Johnson's affidavit, which stated, "Since I received this order, I've been instructed to follow the Assistant General Counsel, Alexandria Walters [sic] orders to my classification officer Mr. Carter, Mrs. S. Bearden SCO and medical staff, not court orders. I've been advised by Mr. Carter that if I should go outside the stipulated orders given by Florida Department of Corrections counsel, I would be placed into confinement, therefore forcing me not to answer the questions in the interrogatories proceeding [sic] fully and truthfully with attached documents to the best of my knowledge." (Doc. 140-1, Affidavit of Carl Zachary Johnson). Nowhere does Inmate Johnson state that he was directed to provide only "yes" or "no" responses.

[2] Inmate Johnson's description of events that occurred on April 4 and 5, 2010, in the medical department and the institutional cafeteria failed to create a plausible inference that DOC employees were retaliating against him for responding to Plaintiff's written deposition questions.

Case No.: 5:09cv73/RS/EMT

requirement that the DOC in any way facilitate such communication. Finally on this issue, the court suggested that the litigation coordinator(s) of the institutions where the "inmate witnesses" were housed review the inmate witnesses' responses to Plaintiff's written questions to ensure that the inmates responded to each question they were required to answer, in light of the court's determination that Plaintiff's embedded requests for documents were improper and, therefore, did not require a response from the inmate witnesses.

> Paragraph 7 ("Defendant's request for an order requiring Plaintiff to sign a release of his mental health records is **DENIED** without prejudice.") (Doc. 150 at 2 ¶ 7).

In the instant motion, Plaintiff next requests that the court amend paragraph seven of the May 4 order to reflect that the court ordered Defendant's counsel to place under seal certain documents that Plaintiff did not consent to being released, including mental health therapy and treatment plans, prescriptions, "DC4-643A forms, DC4-642, DC4-5454," dental records, and HIV test results (Doc. 152 at 2–3). Defendant responds that the court did not make such an order during the hearing (Doc. 154 at 2). Defendant's counsel states that during a lengthy discussion between the court and Plaintiff, the court attempted to explain to Plaintiff that he placed his medical history in issue by filing a medically-related case (*id.* at 3). The court also explained that the additional records (which Plaintiff contended were obtained by Defendant's counsel without Plaintiff's consent) were sought by counsel in an attempt to authenticate documents pursuant to Plaintiff's request for admissions (*id.*). Defendant recalls that the court advised Plaintiff that Rule 26(c) of the Federal Rules of Civil Procedure did not apply to Plaintiff's request to seal the records as there was not a motion for protective order before the court (*id.*). Defendant's counsel states that the court suggested that officers of the court would handle Plaintiff's medical records appropriately.

As noted *supra*, in paragraph seven, the court denied without prejudice Defendant's request for an order requiring Plaintiff to sign a release of his mental health records (Doc. 150). During the discussion of Defendant's request, the court explained to Plaintiff that he placed his medical history at issue by filing a complaint alleging he was denied adequate medical treatment, and he placed his mental health at issue by seeking compensatory damages for "emotional and physical pain and injury" (*see* Doc. 59 at 12). The undersigned found that at this stage in the litigation, Plaintiff's mental health records were not relevant; however, if the case survived summary judgment, the

records would be relevant to the issue of damages. When Plaintiff insisted that Defendant's counsel improperly obtained some medical records, including mental health records, that were not within the scope of the release he signed, Defendant's counsel explained that he obtained authenticated copies of some documents in order to properly respond to some of Plaintiff's discovery requests. Plaintiff then stated he was told (by an unidentified individual) that counsel's assistant or secretary intended to disclose to Plaintiff's classification officer certain personal information contained in some of the records, and he requested that such records be "sealed." Defendant's counsel and Susan Mayer (Deputy General Counsel for the DOC) denied that any records were disclosed or would be disclosed to persons other than Plaintiff and the court, and Ms. Mayer advised that documents obtained during the course of this litigation were always securely maintained in counsel's file. Based upon this assurance, and in the absence of a properly filed motion for protective order before the court, the court did <u>not</u> order Defendant's counsel to "seal" the records, but to assuage Plaintiff's concerns, the court suggested that counsel maintain the records in a separate envelope in his file.

<u>General Objections Asserted by Plaintiff</u>

The final issue raised in the instant motion is Plaintiff's assertion that twice during the telephonic hearing, the undersigned stated her belief that this case would not survive summary judgment but then advised Plaintiff that the court had not determined that the case would not survive summary judgment, and the undersigned would make only a recommendation as to how the case should be resolved (Doc. 152 at 2). Plaintiff states he "objects" to these alleged statements and fears he may not receive impartial review of the summary judgment issue because the undersigned has predetermined the outcome (*id.*). In response to this assertion, Defendant states the undersigned did not make such conclusive statements regarding summary judgment; instead, during the discussion of Defendant's request that Plaintiff sign a release of his mental health records, the court stated "if" the action survives summary judgment, then Plaintiff's mental health records would be relevant and release of such records would be necessary (Doc. 154 at 3).

The undersigned very clearly recalls that during the hearing, she made <u>no</u> statement or suggestion to the effect that this case would not survive summary judgment, and the undersigned quickly and emphatically corrected Plaintiff during the hearing when he suggested she had made such statements. During this litigation, the issue of Plaintiff's misconstruing and exaggerating

statements made by Defendant's counsel during telephonic conferences has arisen in the form of requests by Defendant's counsel that the court instruct Plaintiff to confer with him only in writing to create an accurate record of their conversations (*see* Docs. 113, 118).  The court denied counsel's requests (*see* Docs. 116 n.2, 118).  However, in light of Plaintiff's mischaracterization of statements by the undersigned during the May 3 telephonic hearing, Defendant's counsel is advised that the court will entertain another such request if counsel deems it necessary.

Accordingly, it is **ORDERED**:

Plaintiff's "Motion to Alter of [sic] Amend the Judgement [sic] in Part" (Doc. 152) is **DENIED**.

**DONE AND ORDERED** this 26th day of May 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**