# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**MELVIN BERNARD THOMPSON,**

    Plaintiff,

v.                                                              Case No.: 5:09-cv-73/RS/EMT

**MONICA McCALL WINDSOR.**

    Defendant.

_____/

## DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE
## SECOND MOTION FOR SUMMARY JUDGMENT

Defendant Windsor, through counsel, respectfully moves for leave to file a second motion for summary judgment and will show that good cause exists for filing another summary judgment motion. In support, Defendant submits the following memorandum of law:

## Memorandum of Law

1.    The Defendant's answer was initially due in this action on 12/14/09. (Doc. 68.) After undersigned counsel entered a notice of appearance on 11/13/09 (Doc. 77), a scheduling order was issued on 11/18/09 regarding discovery and motions for summary judgment (Doc. 78). Shortly thereafter and before a response was filed by the Defendant, the Plaintiff served extensive discovery requests upon Defendant along with correspondence, and motions (Doc's 79, 81); and, as a result, Defendant was compelled to file a motion for an extension of time to respond to the complaint on 12/02/09 (Doc. 80) and a motion for a stay

1

in discovery on 12/17/09 (Doc. 89). Following the granting of the extension of time on 12/03/09 (Doc. 83), Defendant filed her answer and motion for summary judgment on 01/25/10 (Doc's 100, 101).

    2.    Thereafter, after Plaintiff was directed to respond to the summary judgment motion by 02/27/09 (Doc. 105), Plaintiff was granted extensions of time to file his response to the summary judgment and granted extensions to discovery (Doc's 109, 122, 125, 134, 150). On 06/02/10, Plaintiff mailed/filed his response in opposition to summary judgment with a voluminous amount of exhibits which show Plaintiff has an extensive medical history (Doc's 161-163). After leave was granted to file a reply on 06/29/10 (Doc's 173-174), Defendant filed a reply on 06/29/10 (Doc. 175) arguing that, given all the overwhelming documents filed by Plaintiff, he still has not shown that Defendant committed any Constitutional violations.

    3.    On 07/09/10, the report and recommendation was issued (Doc. 178); adopted thereafter on 08/05/10 (Doc. 192); and found (1) that a reasonable jury could infer that Plaintiff had a medical condition which mandated treatment, (2) that Defendant had notice of this condition on 12/12/07, (3) that she did not communicate with Dr. Ciungu that a written order must follow the doctor's verbal request, (4) that she had notice of his condition within grievances submitted at the end of 2008 which she generated responses to, (5) that she nevertheless took no steps to effectuate the doctor's verbal order, (6) that a reasonable jury could infer that her response to "[Plaintiff's] medical need for the shoes was so deficient as to constitute 'an unnecessary and wanton infliction of pain,' and that her conduct evinced an

2

attitude of deliberate indifference," (7) that Plaintiff has shown he suffered a detrimental effect through his medical records documenting his complaints of and treatment of pain, and (8) that Defendant was not entitled to qualified immunity because Plaintiff demonstrated genuine issues of material fact as to Defendant's deliberate indifference to a serious medical need (Doc. 178, pp. 14-15).

4.  In the interim, undersigned counsel has located Dr. John Ciungu, a former employee of the Florida Department of Corrections ("FDOC") at Northwest Florida Reception Center ("NWFRC"), who has discussed with undersigned his personal recollections of this action when he was employed as the Chief Health Officer at the NWFRC, and has reviewed the Plaintiff's medical records. Dr. Ciungu's recollections and review will demonstrate what actions the Defendant as a health service administrator ("HSA") could take, what actions are within the HSA's discretion, what a patient should take to obtain treatment, the procedures within the FDOC's health services department, and what the Plaintiff's medical records show regarding Plaintiff's need for replacement shoes.

5.  Further, in support, undersigned will provide an affidavit from Dr. Frank Johanson, a physician who holds the position of Assistant Secretary (Clinical) of the FDOC, Office of Health Services, and who has reviewed the Plaintiff's medical record. Dr. Johanson can shed additional light on the findings made by the clinicians who treated Plaintiff, as shown by Plaintiff's medical records.

6.  Both doctors have reviewed Plaintiff's clinic consultations involving his treatment for various medical conditions. The second motion for summary judgment will

3

be based on Dr. Ciungu's recollections and the two doctors' analysis of the findings noted by the clinicians who treated Plaintiff near the end of 2007 and thereafter after. The motion will demonstrate, as supported by the physicians' affidavits and Plaintiff's relevant medical records, that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law because the genuine material facts which Plaintiff cannot dispute show that there are no triable facts regarding whether Defendant committed any Constitutional violation.

7. Specifically, the additional affidavits with supporting medical documents will demonstrate that Defendant did not commit any Constitutional violation because Plaintiff did not have a serious medical need for a necessity that he lacked and for which justified immediate medical attention, that Defendant's conduct was no more than mere negligence and does not rise above gross negligence, and that Plaintiff's medical records do not show any detrimental effect that was a result of Defendant's conduct alone.

8. Further, even if *arguendo* there was any violation of any Constitutional right, Defendant can demonstrate that she, for the actions which were within her discretion, did not violate of any clearly established law, justifying qualified immunity.

9. Therefore, while pursuant to the scheduling order the motions for summary judgment were initially due by 04/07/10 (see Doc. 78), Defendant has shown good cause exists for the granting of leave to file a second motion for summary judgment.

10. Lastly, this motion is not for purposes of delay. Defendant initially served her first motion for summary judgment over 2 ½ months before the close of discovery. Further,

this action was extended not by Defendant but by Plaintiff's extensions for his response to the summary judgment, and by his extensions to discovery, which permitted Plaintiff over 4 months time to respond to the summary judgment motion. Throughout this action, Defendant has responded expeditiously with her filings.

**WHEREFORE**, for the foregoing reasons and because good cause has been shown, Defendant respectfully requests the Court for leave to file a second motion for summary judgment, and, if leave is granted, respectfully requests sufficient time from the date of the order for Defendant to obtain the necessary affidavits and complete the summary judgment motion.

    Respectfully submitted,

    **BILL McCOLLUM**
    **ATTORNEY GENERAL**

    /s/ Marcus O. Graper
    **MARCUS O. GRAPER**
    **Assistant Attorney General**
    **Florida Bar No. 0044049**
    Office of the Attorney General
    The Capitol, PL-01
    Tallahassee, Florida 32399-1050
    Telephone: (850) 414-3300
    Facsimile: (850) 488-4872
    marcus.graper@myfloridalegal.com

## **CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. 7.1(B)**

I hereby certify that undersigned counsel has conferred about this motion with Plaintiff Thompson who is proceeding *pro se*, and he has expressed that he is "vehemently opposed" to Defendant Windsor's request to file a second motion for summary judgment. However, Plaintiff will not be prejudiced by another summary judgment motion because he has received the medical treatment he desired in the Complaint (see generally Doc. 59; see also id., p. 8 n. 3 (Plaintiff received a pair of Dr. Comfort shoes on or about 08/24/09).)

/s/ Marcus O. Graper
MARCUS O. GRAPER

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail to *pro se* **MELVIN BERNARD THOMPSON, DC# 959252**, Reception and Medical Center, Main Unit, P.O. Box 628, Lake Butler, Florida 32054, on this 10th day of August, 2010.

/s/ Marcus O. Graper
MARCUS O. GRAPER