IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RECEPTION MEDICAL CENTER
DATE: 11-1-10
INMATE INITIALS: ___

Melvin Bernard Thompson
    Plaintiff - Pro Se

v.                                          Case No.: 5:09 cv 73 RS/EMT

Monica McCall Windsor
    Defendant

Plaintiff's Motion To Strike Defendants
Second Summary Judgment Doc. 218
In Part, or alternatively In whole...

    Comes now the Plaintiff - Pro-Se and respectfully moves this Court to Strike Defendants Second Summary Judgment Motion (Doc. 218) (and 222: Dr. Frank Johansons Affidavit filed 9-30-10); (pursuant to this Courts Order (Doc. 198) and (Doc. 203) Plaintiff files this Motion To Strike pursuant to this Courts Order: (Doc. 206) granting Plaintiff's Motion To Leave To File Reply Motion To Strike 2nd Summary Judgment Motion (Doc. 196), and for good cause exist to Strike 2nd Summ. Judg. (Doc. 218); (222) plaintiff shows the following:

### Memorandum of Law:
### A: UNTIMELINESS

    1. On July 9, 2010, the Honorable Magistrate Judge Elizabeth M. Timothy Issued her Report and Recommendation, Denying Defendants Summary Judgment in part. (Doc. 178, Doc. 100-101). This Court subsequently, approved and incorporated (Doc. 178) in its Order(s) (Doc. 184, 192, 194)

    2. On 8-10-10 the defendant filed (Doc. 195) seeking permission to file 2nd Summary Judgment, and Plaintiff subsequently vehemently opposed the filing of the Second Summary Judgment (Doc. 196; 201 Ex.1; 202, 205, 213)

1

3. This Court ~~[struck]~~ Granted plaintiff's request for leave to File Motion To Strike 2nd Summ. Judg. (Doc. 206) Wherefore inter alia plaintiff files this Motion To Strike based upon: Defendants failure to seek to file 2nd Summ. Judg. at the appropriate time, set forth in this Courts initial Scheduling Order (Doc. 78, pg. 2-4 @ # 4(a)(b), 8). The Court specifically held that Motion For Summary Judgment "shall be filed no later than 20 days after close of discovery."

4. Discovery closed on May 7th 2010 (Doc. 150) effectively closed Discovery. The Court, set deadline for filing of Summary Judgment (Doc 78 p.2-4 @ #4(a)(b), 8) as the best way to manage this instant case. See: Chadasama v. Mazda Motor Corp 123 F.3d, 1353, 1366 ("...district Court have broad discretion in deciding how best to manage the cases before them)" This broad discretion extends to pre-trial matters such as discovery and "Scheduling" (emphasis added) See Johnson v. Bd. of Regents of Univ. of Ga. 263 F.3d. 1234, 1269.

5. Therefore, by this Court's pretrial Order, the defendant, had until (notwithstanding the fact that defendant had filed its Summary Judgment on 1-25-10)[1] Approx. May 27 or June 2, 2010 to file a Motion To Leave To File out of Time, to File 2nd Summary Judgment Motion, but chose not to do so, because defendant ~~[illegible]~~ felt it had adequate proper, and just amount of time to present its defense, and this is evident by the record because No further enlargment of times interalia was sought. (pursuant to this Courts Order (Doc. 216), Plaintiff request this Court to take Judicial Notice pursuant to Rule 201(a)(b), where Counsel/defendant on 4-27-10, was **adamant** about closing discovery. The defendant, stated: "However in an effort to bring the discovery in this action to a close Defendant and undersigned counsel have.... See (Exhibit on Record: Interrogatory No. 2 p.1 footnote 1, Sentence # 8 and 9) Clearly defendant was confident of her Defenses Raise, and position of her Summary Judgment filed

---

FN 1: after it sought stay of discovery, Enlargment of time to file initial Summary Judg. (Doc. 80, 83, 89, 91, 95): Motions and Orders

2

and was eager to end this litigation, and did not until after this Court issued its Report and recommendation, and the approval and incorporation into the District Judges Order (Doc. 178, 184, 192, 194) did defendant and Counsel seek to file 2nd Summ. Judg., outside the Pretrial Orders, time limit (Doc. 78)

6. A Pretrial Order controls the subsequent course of action, **unless** modified by a subsequent order. On May 3rd or 4th 2010, the Honorable Magistrate modified the discovery deadline for plaintiff and defendants **on** outstanding discovery that had **not** been turned over to plaintiff by the defendant. And it was not due to plaintiffs fault. See U.S. Dominator Inc. v. Factory ship Robert E. Resoff (9th Cir 1985) citing United States v. First National Bank 652 F.2d 882, 886-87 (9th Cir 1981), Fed. R. Civ. P. 16(e). Wherefore this Court's Pretrial Orders, of (Doc. 78, 150) effectively set the scheduling dates to file request for 2nd Summ. Judg. The defendants **never** sought such until it had litigated and lost. Also see Fed. R. Civ. P. 16(b)(2)(e).

7. In Dedge v. Kendrick 849 F.2d 1398, (11th Cir 1988) The Court of Appeals, was confronted with a similar issue, where the district court denied defendants (i.e. the relevant part of the opinion: "The defendant... appeal from district court denial of his Motion for Summary Judgment under Fed. R. Civ. P. 16(b)(2), the district court is required to enter an order limiting the time to file and hear motions. In this case the district court entered order requiring that Motions for Summary Judgment be filed by 11-30-87. The defendant filed his motion for Summary Judgment on 12-7-87. Therefore the district court properly denied the motion as untimely and we do not address the merits of the motion on this appeal. See: U.S. v. Dominator supra. The Dedge Court further held: in relevant part: "we have already held that there was an issue of fact presented by the Affirmative defense of probable cause."

8. In the case at bar, the defendants have also presented a Affirmative Defense (Doc. 100, 101) on multiple grounds, which establishes an issue of fact, and

3

the second Motion For Summary Judgment should be stricken, See: Dedge, and U.S. v. Dominator Supra.

9. Moreover, The instant case is on point with the facts presented in Lemon v. Dugger, 931 F.2d 1465 (11th Cir 1991). The Lemon Court held inter alia: paraphrased: where the trial court had issued its Initial Scheduling Order requiring the filing of all Motions several years earlier, THAN the date on which defendant 2nd Summary Judgment Motion was filed. The defendant after it had lost in the district court and again lost in the 11th Cir. Appeals Court, sought to file 2nd Summary Judgment Motion which the trial court found that such was filed untimely because the defendant had not filed motion, for permission to file out of time consistant with pretrial order... (emphasis added)

10. The Court's pretrial Initial Scheduling Order (Doc. 78) advised parties of Discovery obligations. The Court held specifically id p. 2 #5: Discovery Obligations;

> "The Rules of Civil Procedure set out explicit time limits for responses to discovery request. If the attorney for Defendant or pro se Plaintiff cannot respond on time, this fact should be communicated by the most expedious means to opposing Counsel or the opposing party, and if consent to an extention of time cannot be obtained, a motion requesting the same should be immediatly filed and served... Stipulations extending the time for responses to discovery may be made only as authorized by Fed R Civ. P. 29 and N.D. Fla. Loc. R 6.1..."

B: Failure To Comply with (Doc 198, 203) Time To File Motion:

11. Defendant and Counsel knew as early as 11-18-09, that plaintiff had raised the issue of Dr. Ciungu's request to have shoes purchased for plaintiff inter alia other health care professionals See (Doc. 59) compare (Doc. 100, 101) Also, the Defendants, prior drafting of its Summary Judgment, was based upon the fact that Defendant was ~~functing~~ acting under, the direction of Policy of

4

F.D.O.C. shoe policy. Yet defendant never once sought, via, plaintiff or this Court, an extension of time to (easily) locate Dr. Ciungu* or the Asst. Secretary of F.D.O.C. Dr. Frank Johanson, M.D.*, to obtain Discovery, Affidavits to support its defense, per. (Doc. 78 p.2 #5)

12. In defendants, (Doc. 195) request for 2nd Summ. Judg. id. p. 3 @ # 4-5, the defendant alludes to the fact that undersigned has located Dr. Ciungu, and that Dr. Johanson will provide Affidavit.* It is evident that neither of these F.D.O.C. employees could have taken over 9 months to locate*, if this was the case Counsel could have sought an extension of time, which given the reasons he provided in (Doc. 195) its presumable this Court would have granted said Discovery extension. But Counsel did not, comply with, Fed. R. Civil Procedure, Nor the Local Rule 6.1, nor was counsel, following the Pretrial Order; (Doc. 78 p.2 #5.) Just as a Pro Se litigant is subject to the same laws and rules as a litigant who is represented by Counsel including Federal Rules of Civil Procedure and Local Rules of the Northern District of Florida So is Counsel - the defendant subject to Court Orders See: Moon v Newsome 863 F.2d 835, 837 (11th Cir 1989), Lemon, Dodges, Chadasama, Johnson supra, Also see U.S v Dominator supra.

13. Wherefore this Court should Strike Defendants 2nd Motion For Summary Judgment based upon Defendants failure to comply with the Pretrial Order Case Manageme Initial Scheduling Order, time limit to file Summary Judgment Motion in a timely manner and deny the 2nd Motion For Summary Judgment as untimely... Moreover, the Court, issued its Order (Doc. 198) and (Doc. 203) granting the Defendant leave to file a second Summary Judgment not later than September 24, 2010 T

14. However, "again" the defendant, waited until the last day of the time period set by this Court to have the 2nd Summary Judgment filed 9-24-10, and Submitted The 2nd Summary Judgment Motion (Doc. 218); and The

---

* 13 yr and 10 yr employees of F.D.O.C.          5

Sworn "copy" of Defendants Affidavit (Doc 218-1; Ex.A) and The "Unsworn" Affidavit of Dr. Frank Johanson[2]: (Doc. 218-2; Ex.B) and The Sworn Affidavit of Dr. Ioan Ciungu: (Doc 218-4; Ex.D).

15. In document 218 p.3 No.1, footnote 1, Counsel advises this Honorable Court that: "Due to the unavailability of the Affiant[*], Dr. Johanson's Affidavit could not be "signed and ▮▮▮▮ notarized" by the date of filing this motion for summary judgment so the ▮▮▮▮▮▮ unsigned copy is filed instead. Pursuant to Northern District local Rule 56.1(B), Defendant will file completed copy within one week of filing this Motion for Summary Judgment." However, Counsel specifically asked this Court for "sufficient time from the date of the order for defendant to obtain the necessary affidavits, and complete the summary judgment motion" see (Doc. 195, pg. 5) also, on 8-10-10, Counsel informed the Court, that from the date of the issuance of The Report and Recommendation (Doc. 178), on July 9, 2010, that Counsel **had** located Dr. Ciungu, and its clear that Dr. Frank Johanson wasn't hard to locate being his position in F.D.O.C. So from approx., ... guestimating that Counsel located Dr. Ciungu, and Dr. Johanson on Approx July 15, 2010, and filed his (Doc 195) on 8-10-10, that gives Counsel approx 25 days to confer with Affiants on what needs to be said in the Affidavits to support the Motion for Summary Judgment, **see:** (Doc 195 p.3, #4·5: where Counsel states he **has** discussed with undersigned his personal recollection... and @ id #5, Dr. Johanson who **has** reviewed the record of plaintiff's medical ... see id @ p.4 #6: "The Motion will demonstrate, as supported by the physicians' affidavits..." Clearly, both doctors, from approx July 15, 2010 - August 10, 2010 had adequate time to prepare their affidavits, to be completed and signed by this Court Ordered set time of 9-24-10, an additional 44 days beyond

---

N2: nor was Doc. 218-2 Ex.B signed by Dr. Frank Johanson, it is undisputed that Dr. Johanson, is fully capable of signing **his** personal testimony/Affidavit, and his position, as Assistant to a Governor Appointed Cabinet member, gives Dr. Johanson access to potentially unlimited resources, to obtain a Notary, and expidite his signed Notarized Affidavit to Counsel...

6

the already 25 days totaling approx 69 days to have Motion and Affidavits signed-Notarized by the filing date set by this Court No later than September 24, 2010 (Doc. 198, 203).

16. Yet Counsel/Defendant, instead of Seeking and Enlargment of time, via Court Order, pursuant to Local Rule N.D. 6.1 (A)(B), or pursuant to Fed. Rule Civil Procedure Rule 56(F), advising this Court, of the reason, valid good cause reason, why... Dr. Johanson, could only send an unsigned unnotarized copy of his "allegedly personal Affidavit" to the office of Attorney General, to be filed in a proceeding that he knew from as late as approx July 9th - 15th, 2010, would be needed, Completed by (per Court Order of 8-23-10) September 24, 2010. Yet Counsel only provides this Court with, Affiant was unavailable to sign and notarize an Affidavit, that was sent by Affiant to the Attorney Generals office... Or, this Affidavit was prepared by Counsel, of record, and the Affiant was unavailable to sign a prepared, tailored Affidavit... which leaves, not only a legal delima, but a moral and ethical delima... before this Court.

17. Defendant on 9-30-10, filed (Doc. 222, 222-1). Notice of Completed "Exhibit B"... and requested this Court to replace the temporary filed exhibit, Doc. 218-2.

18. Counsel/Defendant, could have and should have, notified this Court earlier of the "unavailibility" of the Affiant to..... sign and notarize his Affidavit, but chose not to do so, and waited until the date of filing the Motion to notify the Court.

19. Wherefore, plaintiff moves to Strike (Doc. 222, 222-1) Dr. Frank Johanson's, Affidavit as untimely filed, pursuant to this Court's Order to file 2nd Summary Judgment No later than September 24, 2010, and request this Court to Strike (Doc. 222, 222-1) and to Strike Exhibit B, of Doc. 218-2, pp. 1-10, as not being in compliance with

7

Federal Rules of Civil Procedure, and Local Rule N.D, when submitting an Affidavit it must be Sworn to via, Notary, or Verified or Declared, under penalty of perjury.

20. In addition, plaintiff request that "<u>all refrences</u>" within Defendants Second Summary Judgment (Doc. 218 pp. 1-27 @ specifically #'s: 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 18, 21, 22, 23, 24, 26, 27, 28, 31, 32, 33, pg. 20, last line, Sentence, "No injuries ... pg. 22 First Sentence; entire First paragraph begining with: Third... and ending with not shoes;" pg. 21-23, Sec. IV: Qualified Imunity From Damages.") This Court Should Strike Doc. 218 in its entirety or In part Specifically the above cited refrences to Ex B, Doc. 218-2, and Doc. 222, 222-1)

<u>C: Exceeding Scope of Inquiry Rendering Expert Opinion</u>:

21. Next, the defendant, has breached her statement made in Doc 210, p.2 #7 i.e.: "Neither physician is being used to provide an expert opinion as to any health conditions raised by Plaintiff..." emphasis added.

20. Initially plaintiff filed a: Motion For Appointment of Medical Experts to dispute the "Expert Opinion rendered by Dr. Johansen and Dr. Ciungu, plaintiff requested Experts be appointed in the field of: Orthopedic, Neurology, Podiatry, and prosthetic, and pain management (Doc. 209); Based upon defendants claim in (Doc. 195 pp 3-4 @ #6-7; in relevant part: "Plaintiff did not have a serious medical need,... which justified immediate medical attention inter alia")

21. Plaintiff, futher advised the Court that, plaintiff was a pro-se litigant with <u>No</u> medical education to bring forth: Expert Testimony with supporting Medical dialauge, with Dr. Johansens analysis of plaintiff's serious medical need and detrimental effects (Doc. 209 p.4 sec.F) and respectfully requested this Court to afford plaintiff a great wide latitude as it had given defendants in filing 2nd Summ. Judg. (Id. pp. 4-5 Sec. F, Relief Sought, footnote 2-3)

22. Wherefore, the defendant Filed Doc. 210 p.2 #4, advised or rather persua-

ded this Court in its opposition to Plaintiff request for Medical Experts (Doc.210) that: However, the medical experts requested by Plaintiff are unnecessary because Dr. Ciungu and Dr. Johanson will not be providing expert opinions. id @ #4, and that: Neither physician is being used to provide an expert opinion as to any health condition raised by plaintiff... the two physicians are merely providing a concise discussion of findings of those clinicians who personally evaluated the plaintiff...(id @ #7)

23. On 9-21-10, this Court entered an Order(Doc.214) denying Plaintiff's Request for Appointment of Medical Experts (Doc.209). And Plaintiff filed his timely objections to (Doc.214), inter alia, requesting this Court to sua sponte strike any portion of the 2nd Summ. Judg. that might contian expert opinion.

24. On 9-24-10, the defendant filed an incomplete 2nd Summ. Judg. Motion, with an unsigned and unnotarized Affidavit of Dr. Frank Johanson, which was then later signed and Notarized and submitted under (Doc. 222, 222-1).

25. Within (Doc. 218, pp. 1-27, Doc. 218-2; Ex B, Doc. 218-4; Ex D, and Doc 222-1 Ex. B) The defendants have exceed the scope of their concise discussions and cross the boundry into rendering Expert opinion on health related issues of plaintiff, and has consequently rendered erroneous, and Contrary to, the acceptable Medical standards of treatment, regarding diabeties, and Plantar faciitis which were in Doc.59 @ minimal scant secondary conditions that required the wearing of the appropriate shoes.

26. Wherefore plaintiff respectfully request that this Court Strike, the following Expert Testimony of defendant's: (Doc. 218. pp. 8-14, and @ #'s specifically: 15; 16 the last 4 sentences; #22) (Doc. 218-2, 222-1.Ex B. pp. 1-10 and @ #'s specifically: #:13, #14 Sentence #2 begin with: Hg... ends with...below.; #16, #17) In regards to Doc 218-4 pp. 1-9 and @ specifically #'s: 10 The beginning of the 3rd sentence on p.5, where it -

9

begins with The A1C.... and ends with 7.0, plaintiff objects to the term or expert medical opinion Poorly controlled diabetes, because 8.1 is not in actuality in accords with American diabetic Association, and recent Medical Journal scientific studies: considered poorly controled diabeties. #11, That is Affiants Medical Opinion.

27. Wherefore based upon the Affiants exceeding the Scope of inquiry - concise discussion, as it stated in (doc. 210 p2 #4, and 7) it would not, therefore no medical Experts requested by plaintiff was neccesary id, Plaintiff respectfully request that this Court strike the above specific portions of: (Doc. 218-2 Ex.B, 222-2221 Ex.B, and 218.4, Ex D, and Doc. 218 Motion For Summary Judgment) from the record. see: Also Doc. 209, and Plaintiff Objections To Doc. 214.

### D: Improperly Joinder of Claim/Defense

28. Plaintiff file his Initial Complaint, and this Court, ordered and directed plaintiff to file an Amended Complaint, then plaintiff filed an Amended Complaint and this Court, advised Plaintiff, to drop several Defendants from the Amended Complaint, for inter alia failure to state a claim, and ordered that plaintiff file a 2nd Amended Complaint listing only Defendants Windsor, Isra, and Anandijiwala as defendants. (Doc. 26 and 34)

29. On 8-21-09 plaintiff filed a 2d Amended Complaint (Doc. 40) listing Windsor, Isra, and Anandijiwali as defendants.

30. On 8-28-2009, this Court issued Order (Doc. 50), requiring Service of Complaint upon defendants supra.

31. Also, on 8-28-09, this Court issued a Report and Recommendation (Doc 48) in relation to various Motions, Emergency Temp. Injunction, Affidavit, Notice to Court/Addendum Supp. to Emergency Motion Temp. Injunction (Doc. 42, 43, 44, 47).

32. Within this Order Doc. 48 p. 1 para. 1 this Court, interpreted plaintiff's primary Complaint of: "Plaintiff states he has been diagnosed with Osteo chondritis dissecans, which is degenerative joint disease, and avascular neurosis in his Knees. (Doc. 42 at 1-2) These Shoes require him to wear Orthopedic Shoes. (id. at 2) .... In his Complaint, Plaintiff complains of Defendant Windsor's failure to provide the shoes, and Defendant Isra and Awandijiwali's failure to provide Neurontin to relieve pain in his Knees[1] [sic] ...(id at 3)

33. Subsequently on 9-18-2009, this Court issued an Order (Doc. 58 at 1-5) advising plaintiff inter alia, that defendants were improperly joined as defendants in this action, ... plaintiffs alleged causes of action against Defendants Windsor, Isra, and Anandijiwali fail to meet the applicable criteria of Rule 20(a) of Fed. R. Civ. P., ... citing Rule 20, 20(a)(2), 21 Fed. Rule Civil Procedure (id at 1)

34. This Court based its Order that the defendants were improperly joined, inter alia, on: "Plaintiff's Second Amended Complaint asserts that the alleged unlawful activities by defendant Windsor, that is, depriving Plaintiff of medically required Orthopedic Shoes, ... ... As to Defendant Isra, Plaintiff asserts that the allegedly unlawful activity, that is deprivation of pain medication for pain in his feet ..., defendant Anandijiwali ... failure to approve a prescription for Neurontin to treat pain in plaintiff's feet... (Doc. 58 at 2) ... Due to the abscence of any evidence attesting joint actions by Defendants, and lack of any connective nexus between Defendant Windsor and Defendants Isra and Anandijiwali, Plaintiffs has not satisfied the precondition for permissive joinder set forth in Rule 20, (id at 3)

35. The Court went on to further advise plaintiff, (inter alia) that, the Court, even if Defendants had been ~~join~~ properly joined, the Court would exercise dis-

---

N1: Actually it was for pain in Feet ... See: (Doc. 40 at p. 10-16, @ # 9-13, sec. F, G, H, and I, ▮ and id @ #'s 15-24, sec. J, K, L)

11

cretion to sever and transfer the claims against Defendant Isra and Anandjiwali (id at 3) inter alia, finally advising plaintiff to file seperate civil rights action in Middle District against Isra and Anandjiwali, given plaintiff 30 days to file a Third Amended Complaint naming on Windsor as a defendant. (id. at 4)

36. Plaintiff immediately complied, and severed Isra, Anandjiwali, claim of deprivation of pain medication Neurontin to treat pain Neurapaty in plaintiffs feet, and submitted a Third Amended Complaint naming only Windsor, and the issue of denial of Orthopedic shoes[3], and the pain to his knees, as plaintiffs primary concern with 8th Amend Violation,[4] Plantar facitis, and the Diabetic Neurapathy concerns were minimally addressed as only secondary concerns for the purpose of the Complaint (Doc.59). See:(Doc. 42,43,44,47,48) On 9-30-09 this Court ordered service of Doc. 59 upon defendant See (Doc.64)

37. On 1-25-10, defendant filed its Affirmative Defense and Motion For Summary Judgment raising various defenses excluding any mentioning of[5]: Diabetic Neurapatity, Neurontin, Plantar facitis and its effect on the feet, in relation to the shoes, presumably because the issues were closely related to the claims of plaintiff against Isra and Anandjiwali, of which on 11-4-09 plaintiff had filed his seperate Civil Complaint, in the Middle District naming Isra and Anandjiwali as defendants in relation to the pain meds, Neurontin, Diabeties issues of the feet, and counsel for defendant Windsor, was also counsel for Isra and Anandjiwali in case No. 3:09 cv 1101-HLA-MCR.

38. Subsequently on July 9, 2010, this Court denied Defendant Summary Judg. (Doc 101), and thereafter U.S. District Judge The Honorable Richarch Smoak, approved

---

N3: (i.e.: Spot Bilt, Dr.Comfort, commonly refered to by inmates and staff, as Medical shoes, Soft Shoes, Theraputic Shoes, Athelethic Shoes, or Orthopedic Shoes...

N4: See: Doc 59 at pp. 1-11 @ # 2, 7, Sections: A, C, E

N5: except Doc.101 p.17 @ A

12

and incorporated (Doc.178) in his Orders, (Doc.184, 192, 194).

39. Thereafter on 8-10-10 defendant filed Motion To File 2nd Summary Judg (Doc.195), and plaintiff vehemenently Opposed Doc. 196, 201, 201-Ex 1, 202, 205, 213), on 8-23-10 this Court granted Defendant to file 2nd Summary Judg. (Doc. 198, and 203).

40. On 9-24-10 defendant filed an incomplete 2nd Summary Judg. along w/ unotarized and unsigned affidavit Ex.B, and then on 9-30-10 file the completed Affidavit as, (Doc. 222- 222-1 Ex B.)

41. However, within Doc. 218, and its corresponding Exhibits, the defendant has, brought forth, an argument based upon, issues, raised and addressed in, the Case, in the Middle District, against Isra, Nalin Anandjiwali. Case No. 3:09 cv 1101 J-25 MCR. See Doc. 218 p. 11 @ # 21-23, re: plaintiffs Diabetics, complaint of burning feet,... diagnosed neurapathy... #22, Neurontin pain meds, #23 ~~        ~~ Insulin, A1C issue, cf. (Def. Ex. B and D Doc. 218.)[6] Also, See Doc. 218 p. 13 #29-30, re: Neurontin, Tegretol, Dr. Salvadore. (cf. U.S.D.C. M.D. Doc 25 p.1-11, 12)

42. However in the Case before the Middle District, Case No. 3:09 cv 1101 HLA-MCR on 4-28-10 Defendant filed interalia (Doc. 25) (Id. pp. 4-13 # 9-17, p. 9-11) These issues, raised above by the defendants in (Doc. 218, and Ex B, D) should be stricken as improperly joined. See (Doc. 58 at 1-5), Fed. R. Civ. P. 20(a)(2), 21.

43. In Fact Plaintiff Voluntarily Dismissed Case # 3:09 cv 1101 without Prejudice to Refile @ later date. The Middle District Magistrate granted the Dismissal without Prejudice, over Counsel's objections, requesting the Dismissal be counted as a strike, and with prejudice.

---

N6: This involves issues, of Diabetics, Pain Meds, @ Chronic Illness Clinic that was raised in the Complaint against Isra Anandjiwali. That this court advised plaintiff were improperly joined.

13

### Relief Sought

Wherefore based upon the foregoing Plaintiff, respectfully request that this Court STRIKE, IN PART or whole, defendants Motion For 2nd Summary Judgment (Doc. 218, 218-, Ex B, D  222-222-1 Ex B)

### Declaration of Oath

I hereby declare under the penalties of Perjury that the foregoing is true and correct to the best of my knowledge on this 28 day of October 2010.

/s/ [signature]

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been furnished to, Marcus O. Graper, The Capitol PL-01, Talla. Fl. 32399-1050, by placing in the hands of prison officials ~~this 28 day of October   2010~~. On this 1 day of November 2010.

/s/ [signature]

# 959252
F2138 single
RMC-
P.O. Box 628
Lake Butler, Fl. 32054

Certified Return Receipt # 7000 1670 0011 5106 6517

NT: Unable to serve copy due to on 10-28-10, Ms. Kirkland RMC, Law Librarian refused to copy unless I left all documents with her without proof given to me that I left Doc with her. She had them in her possession from 10:00-11:00, but refused to copy them, and at 11:00 forced me to leave library... I retrieved my documents without copies being made. (See Doc. 188) Leila Thompson was notified on 10/28/10 PM, she is contacting, Judge Smoak's office, Attorney James Cook, and warden of RMC on 10/29/10 to try to get me some help with making copies prior to 11-3-10 deadline. I will attempt to mail this Response off... one way or the other /s/ [signature] 10/28/10
Also see Notice To Court filed Nov. 1 2010 / RMC classification assured Leila on 10/29/10 that copies would be made ---

14