IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MELVIN BERNARD THOMPSON,**

    Plaintiff,

v.                                                                                    Case No.: 5:09-cv-73/RS/EMT

**MONICA McCALL WINDSOR.**

    Defendant.
_____/

**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY
TO PLAINTIFF'S RESPONSES TO THE
SECOND MOTION FOR SUMMARY JUDGMENT**

Defendant Windsor, through counsel, moves for leave to file the reply to Plaintiff's response in opposition to Defendant's second motion for summary judgment, the accompanying memorandum of law, and composite supplemental exhibits (Doc's 229, 230, 232, 234) as good cause exists for filing the reply. In support, the Defendant submits the following memorandum of law:

**Memorandum of Law**

1.    On 09/24/10, Defendant filed a second motion for summary judgment, supported by Plaintiff's medical records and affidavits which explained the records by Dr. Ciungu and Dr. Johanson. (Doc. 218.)

2.    On 10/13/10, the Court granted Plaintiff's motion for extension of time to respond (Doc. 217), and ordered a response to be filed by 11/03/10 (Doc. 224).

1

3. Plaintiff is an incarcerated inmate, so his response to the summary judgment could be mailed up to 11/03/10. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (under the "mailbox rule," an inmate's filing is deemed "filed" on the date that the inmate delivers the document to prison authorities for filing).

4. In a Notice of the Court, along with additional filings Plaintiff mailed only to the Court on 11/01/10, Plaintiff alleged that he could not serve these filings to undersigned counsel because the Reception Medical Center law library would not copy the documents from 10:00 to 11:00 on 10/28/10. (Doc's 228-230, 231-232, 234.) These six documents are composed of a total of 255 pages. (See id.)

5. These documents were received by the Court on 11/04/10. (See id.) On 11/08/10, undersigned counsel was electronically served a copy of Plaintiff's response in opposition to the second motion for summary judgment and his accompanying memorandum of law. (Doc's 229-230.) On 11/09/10, undersigned counsel was electronically served a copy of an Index to the Supplemental Exhibits for the response and memorandum. (Doc. 232.) On 11/10/10, undersigned counsel was electronically served a copy of the 166 pages of exhibits entitled Supplemental Exhibits. (Doc. 234.)

6. In addition, Plaintiff cites in the response and memorandum to the approximately four-hundred pages of exhibits he filed in response to the first motion for summary judgment. (See Doc's 163, 163-1; see also Doc's 229-230.)

7. Also, in the response Plaintiff references documents that were authenticated

2

by Defendant (Doc. 229, p. 23.), but does not appear[1] to provide these documents (see generally Doc. 232).   Plaintiff only provides Defendant's admission responses that authenticated these documents.  (Doc. 234-4, pp. 1-3 (Ex. DD).)

8. Lastly, Plaintiff provides factual allegations in his response where he disputes the contents of his medical records, presents conclusions without supporting exhibits, cites to exhibits that do not correlate with his allegations, and provides statements allegedly uttered by third parties that are unsupported and inadmissible.  (See generally Doc. 229.)

9. As such, Defendant moves for leave to file a reply to Plaintiff's response, memorandum, and supplemental exhibits (Doc. 228-229, 232, 234).  Good cause exists to file a reply for the following reasons: (1) to assist the Court with a 'road-map' of the voluminous documents filed and referenced by Plaintiff (Doc. 229; see Doc. 163 (396 pages); Doc. 234 (166 pages)); (2) to respond to Plaintiff's conclusory allegations by showing the lack of a causal connection to the Defendant's actions as the allegations are not supported by Plaintiff's medical records; and (3) to preserve any objections to the unsupported third party statements.

10. Because Plaintiff is an inmate proceeding *pro se* and in order to expedite this motion, counsel has not contacted Plaintiff in order to confer about this motion, pursuant to N.D. Fla. Loc. 7.1(B).

---

[1] Undersigned is still in the process of reviewing the contents of the Supplemental Exhibits which were electronically served on 11/10/10.  (See Doc. 234.)

**WHEREFORE**, for the foregoing reasons and because good cause has been shown, Defendant respectfully requests the Court for leave to file a reply to Plaintiff's response, memorandum, and supplemental exhibits (Doc's 229-230, 232, 234); and, if leave is granted, respectfully requests fourteen (14) days from filing this motion for leave to file a reply.[2]

Respectfully submitted,

**BILL McCOLLUM**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

---

[2] Defendant notes that Plaintiff has not served undersigned a copy of the documents which compose his response, Doc's 229-230, 232, and 234, pursuant to Federal Rule of Civil Procedure 5(a)(1)(D) and local rule 5.1(D), but in the interest of judicial economy and to expedite this action, undersigned will accept electronic service of these four documents which compose Plaintiff's response.

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail to inmate **MELVIN BERNARD THOMPSON, DC# 959252**, Reception and Medical Center, Main Unit, P.O. Box 628, Lake Butler, Florida 32054, on this 12th day of November, 2010.

/s/ Marcus O. Graper
MARCUS O. GRAPER